### TOM JONES v. THE STATE.

#### No. 4472.   Decided January 20, 1909.

**1.—Theft of Horse—Indictment.**

Where upon appeal from a conviction of theft of horse the indictment was in usual form, there was no error in overruling a motion to quash.

**2.—Same—Misconduct of Jury.**

Where upon appeal from a conviction of theft of a horse the complaint of the misconduct of the jury was supported alone by the affidavit of appellant, and the State denied the same, and no evidence was introduced by the defendant in support of his motion, there was no error.

**3.—Same—Assignments of error—Motion for a New Trial—Practice on Appeal.**

Article 723, Code Criminal Procedure, expressly limits the jurisdiction of the Court of Criminal Appeals on the question of review of alleged error, to grounds set up in the motion for new trial or bill of exceptions; and assignments of error can not be considered and should not incumber the record.

**4.—Same—Sufficiency of the Evidence.**

Where upon trial for the theft of a horse the evidence supported the conviction there was no error.

Appeal from the District Court of Fort Bend. Tried below before the Hon. Wells Thompson.

Appeal from a conviction of theft of a horse; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*T. E. Mitchell,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of theft of a horse and his punishment assessed at seven years confinement in the penitentiary.

Appellant's motion for a new trial insists that the court erred in overruling the motion to quash the indictment. The indictment is in the usual form, and the court did not err in overruling the motion.

The second complaint is, that one of the jurors who tried this case stated to the other jurors, after this case had been submitted to the jury and the jury had retired to consider this case, that he knew defendant to be a horse thief and defendant had stolen another horse in Fort Bend County several years since. This ground of the motion is supported alone by the affidavit of appellant. The State denies the ground. No evidence was introduced by the defendant to support the same. In the absence of evidence on the matter, we would not feel called upon to reverse the case on said ground.

Appellant filed a plea to the jurisdiction, but withdrew same so the record before us shows.

Attached to this record is a long assignment of errors. We cannot pass upon assignments of error in this court at all; but all complaints must be embodied in motion for a new trial or in bills of exception. And we again, as we have frequently done, warn clerks against placing assignments of error in records, thereby encumbering same and adding to the expense of trials in this State. Article 723 of the Code of Criminal Procedure expressly limits the jurisdiction of this court on the question of review of errors or supposed errors to grounds set up in motion for new trial or bill of exceptions.

The evidence in this case amply supports the verdict, and finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied, March 17, 1909.—Reporter.]