## Jane L. Turner *v.* The State.

1. Practice  Substitution of Lost Papers.—Whether or not it is well supported in reason, the rule that suspends all proceedings in the trial court after appeal has been perfected, must be held to prohibit the trial court from amending the record pending appeal, and to the same extent operates to prohibit the substitution of any part of the record after appeal. This rule is not commended by this court, but is upheld on the principle of *stare decisis.*

2. SAME—CASE STATED.—After the appeal in this case was perfected the record in the trial court, except the judgment of conviction, the amended motion for new trial, the judgment overruling the same, and the appellant's recognizance, was destroyed by fire. At the next term of the court the county attorney, over objection, was permitted to substitute the complaint and information. Thereupon the defendant was permitted to substitute the other portions of the record, consisting of the statement of facts, bills of exception, charge of the court, assignment of errors, etc. *Held*, that such substituted papers, under the rule announced, cannot be considered by this court.

3. SAME—INFORMATION.—The substituted papers in this case being such as cannot be considered, the conviction is without information or indictment to sustain it.

APPEAL from the County Court of Parker. Tried below before the Hon. A. J. Hunter, County Judge.

From the judgment of conviction and such parts of the transcript as were not attempted to be substituted, it is ascertained that the defendant was convicted of keeping a disorderly house, and fined three hundred dollars. The opinion otherwise discloses the case.

*Lanham & Stephens,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. After the appeal in this case was perfected the record in the trial court, except the judgment of conviction, the amended motion for new trial and judgment overruling the same, and defendant's recognizance, was destroyed by fire. At the next term of the court after said destruction, the district attorney moved to substitute the complaint and information which had been so destroyed, which motion was excepted to by the defendant, upon the ground that, as the appeal had been perfected, and the case was then pending in the Court of Appeals, the trial court no longer had any jurisdiction in the case, and could not legally make any orders therein. This exception was overruled, and the complaint and information were in due form substituted. Thereupon, on motion of the defendant, the other destroyed portions of the record, consisting of a statement of facts, bills of exception, charge of the court, assignment of errors, etc., were also in due form substituted. This substituted record has been brought before this court in answer to a writ of

*certiorari*, granted upon motion of the Assistant Attorney General, and the question is presented whether or not we can consider the same as the record in the case.

Did the court, pending the appeal of this case, have authority to substitute the destroyed papers so as to make the substituted copies a part of the record of the case?

It is provided that "the effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had until the judgment of the appellate court is received by the court from which the appeal was taken." (Code Crim. Proc., Art. 849.) In view of this provision it has been held by this court that after an appeal has been perfected, and while it is pending, the court *a quo* has no power to *amend* the record. That the said court has no further authority or control over the case; as a court, its authority, its jurisdiction, is suspended and arrested by the very terms of the law, as to *all* further proceedings. (*Hill* v. *The State*, 4 Texas Ct. App., 559; *Knight* v. *The State*, 7 Texas Ct. App., 206.) If then the court *a quo* has no authority to *amend* the record, it would, for the same reason, be without authority to *substitute* it, pending the appeal.

We can perceive no difference between the amendment and the substitution of a record, in principle or practice, and the doctrine of the above cited cases applies, we think, with equal force to either proceeding. If this be so, the cases cited are decisive of the question before us, and we cannot consider the substituted record as a portion of the record in the case. Whilst we entertain doubt as to the correctness of these decisions, we shall adhere to the rule settled by them, upon the principle of *stare decisis*. We are of the opinion that the rule as thus declared is not a proper precedent or just one, and that it ought to be changed by legislation. A safe mode should be provided by law for amending and substituting records in the court *a quo*, even while an appeal in the case is pending. As the rule now is, there is no power lodged anywhere to supply a lost record, after an appeal has been perfected and is pending, or even to amend a record in such case. We can imagine cases where the want of such power in the courts might result in serious and irreparable wrong.

In this case, in the record proper before us, there is no information or indictment, and therefore nothing to sustain the conviction. It must appear from the record that the conviction is

based upon a valid information or indictment, or it cannot stand. (*Pierce* v. *The State*, 14 Texas Ct. App., 365; *Beardall* v. *The State*, 4 Texas Ct. App., 631.)

Because there is no information or indictment in the record, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered May 28, 1884.