## Ross Alderson v. The State.

### No. 3646. Decided May 20, 1908.

**1.—Local Option—Election.**

Where upon appeal from a conviction of a violation of the local option law, the validity of the local option election in the alleged territory had previously been sustained by this court, objection thereto will not be considered.

**2.—Same—Continuance—Want of Diligence.**

Where upon trial of a violation of the local option law there was a total want of diligence to procure the attendance of the absent witness or to ascertain whether he was a material witness, the application for continuance was correctly overruled.

**3.—Same—Evidence—Reputation of State's Witness—Residence in Community.**

Upon trial of a violation of the local option law, where a direct attack upon the testimony of the State's witness had been made, there was no error to show the general character of said State's witness for truth and veracity in the community in which he lived; although he had only lived in said community for six months.

**4.—Same—Charge of Court—Harmless Error.**

Where upon trial of a violation of the local option law, the evidence showed a certain transaction of one purchase of whisky by the prosecutor from the defendant, and the defense on cross-examination brought out the fact of another transaction by another party with defendant, the charge of the court that the jury should not consider this other transaction except as it threw light on the other sale, the same if error was harmless.

**5.—Same—Information.**

Where upon trial of a violation of the local option law, the information alleged that the county attorney upon affidavit attached to the information and made a part thereof on behalf of the State presents, etc., an objection that the information did not directly charge that the offense had been committed, but merely averred the allegation in the affidavit, was untenable. Following Warren v. State, 17 Texas Crim. App., 207.

**6.—Same—Sufficiency of the Evidence.**

Where upon trial of a violation of the local option law, the evidence was conflicting, but showed a sale of whisky by the defendant to the prosecutor, and the court properly charged the jury, the conviction was sustained.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Harrison & Wayman,* for appellant.—On question of charge of court: Randell v. State, 49 Texas Crim. Rep., 261; 90 S. W. Rep., 1012; Ratcliff v. State, 78 S. W. Rep., 936. On question of general reputation of witness: Rushing v. State, 25 Texas Crim. App., 607; Payne v. State, 40 Texas Crim. Rep., 290; 50 S. W. Rep., 363; Murphy v. State, 40 S. W. Rep., 978; State v. Rice, 61 Am. St. Rep., 816; Peeler v. State, 3 Texas Crim. App., 533; Coffelt v. State, 19 Texas Crim. App., 436; Trammell v. State, 10 Texas Crim. App., 467. On question of continuance: McAdams v. State, 24 Texas Crim. App., 86; Mitchell v. State, 36 Texas Crim. Rep., 278; Hollis v. State, 9 Texas Crim. App., 643; Porter v. State, 32 S. W. Rep., 692; Burnly v. State, 14 S. W. Rep., 1009.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted for violating the local option law. Many of the questions raised on this appeal have already been ruled against the appellant. We have in more than one case, during the present term, upheld the validity of the local option election in Brown County, and a discussion of the sundry matters raised on this appeal, calling in question the validity of this election, seems to be unnecessary.

1. We do not believe the court erred in overruling appellant's application for a continuance on account of the testimony of Roy Harryman. That his testimony on the issues made in the case was material, tested by the allegations contained in the application, may be conceded. Appellant was totally lacking in any sort of diligence. The prosecution was begun on the 7th day of January, 1907. The application for the continuance was filed on May 29, 1907. There had been before that a trial of the case in which the witness, Spellman, to whom the sale was made, had testified. His testimony, as well as the charge it-

self, implied of necessity that appellant was present and must presumably have known and was charged with knowing the circumstances of the alleged sale, and his presence at the former trial must, in the nature of things, have advised him of such details in respect to the alleged offense as to put him on notice as to what the State would prove and to require of him reasonable diligence to meet the accusations. The testimony shows that Harryman lived in Brown County, during all the time the prosecution was pending, and there was no sort of diligence exercised to secure his attendance until after the case was called for trial on the 29th day of May, 1907. The application was then made upon the ground that the importance of his testimony and the nature of same had been ascertained through one Jim Alexander for the first time; but there is no suggestion in the application of any effort or diligence on the part of appellant to ascertain who was present, or whether Harryman was present or what his testimony would be. A period of five months had gone by during which, so far as the application shows, there had been no effort, or inquiry made by appellant to acquaint himself with who was present or what they would testify to in respect to the transaction in question. In this state of the case the court is not called on or authorized to grant a continuance and did not err, as we believe, in refusing to postpone or continue the case to secure the testimony of this witness.

2. Complaint is made that the court erred in admitting the testimony of one Savage as to the general reputation of the prosecuting witness, Spellman, in Brownwood for truth and veracity. The objections are: First, that it did not appear from the testimony that Spellman had resided in Brown County long enough to establish any reputation in this respect, nor that the witness, Savage, had had sufficient opportunity to become acquainted with same, as would authorize the admission of his testimony. Again, it is complained that there had been no such attack upon the testimony of the witness, Spellman, as would authorize the admission of this testimony. We think all of these positions are untenable. There had been a direct attack upon the testimony of the witness, Spellman, and an effort at least partly successful to show such contradictory statements made by him, outside of the courtroom, as if believed, to seriously impair the weight and credibility of his evidence. The appellant introduced the witness, McDermot, who attributed to him certain statements denied on the stand by Spellman, which, if believed would or might have had the effect to constitute a serious impairment and attack of the witness' credibility. From the testimony it appears that Spellman had resided in Brownwood some six months; that he was well known to Savage, who had frequently met him in secret societies to which they both belonged, as well as elsewhere; that he had never heard the reputation of Spellman attacked, mentioned or questioned during his residence in Brownwood. It is true he had lived in Brownwood only six months. Just how long a witness must reside in a community before he could or would estab-

lish any reputation for truth and veracity, we are not prepared to say. It would depend to some extent, we think, upon the antecedents of the witness, the method of his entering into the new community, his course or conduct, the extent of his acquaintance, the manner of his life and the character of his association in the community into which he had so recently come. The witness Savage does testify that he knew such reputation, and that it was good. We could well understand how in a given case a witness might know the reputation of one who had resided in a community for a short length of time and might not know the reputation of some other citizen of the community who had lived there for a considerable length of time. We are not prepared to hold, nor do we believe, we would be justified in holding that the mere fact that the witness had lived in the community only six months would, as a matter of law, have justified the court below or would justify us in holding, that the testimony of the witness affirming such knowledge, should of necessity be excluded.

3. Complaint is made of the following charge given by the court below: "You are instructed that you will not consider the evidence concerning the transaction with Sill Tabor except as it throws light, if any it does, on the sale, if any, to witness Spellman." On the trial on direct examination, the witness Spellman testified that on the 15th day of May, 1906, he bought a drink of whisky from appellant for which paid him 15 cents. There was no difference on the direct examination to Tabor or to any transaction in which anyone else was present. On cross-examination by appellant, the witness testified that he had never been in this club belonging to appellant but once before the time he got the whisky for the sale of which this prosecution was instituted, and that this was on the same day that he got the whisky, and that on this occasion he went in there with one Sill Tabor; that at the time testified about on his direct examination, he was alone; that on the occasion when Tabor was present, Tabor treated him and that he had never bought any whisky from appellant but the one time and that is the occasion upon which this prosecution is predicated. It was evidently the purpose and intention of the court, as far as practicable by this charge, to separate it from the transaction in which the witness Tabor figured and to exclude the Tabor transaction from the jury, except in so far as it might throw light upon the alleged sale to the witness Spellman. While such a charge was probably not required, and the giving same possibly erroneous in view of the fact that the testimony referred to therein, was adduced by appellant, we can not see that if erroneous, that same was harmful.

4. Complaint is made that the information is insufficient and should have been quashed, for the reason, in substance, that it does not aver directly and affirmatively that the county attorney charges that the offense has been committed, but merely avers the allegations, in the affidavit, on which same is based. The portion of the information called in question, is as follows: "Now comes R. L. McGaugh,

county attorney of Brown County, Texas, upon affidavit of Frank Emison hereto attached and made a part hereof, and in behalf of said State, presents in the County Court of Brown County, Texas, etc." The question here raised was decided adversely to the contention of appellant in the case of Warren v. State, 17 Texas Crim. App., 207. Passing on an information very similar to the one here, Judge Willson says "We think the information is sufficient. It directly charges that the defendant committed the theft, although it states, parenthetically, 'as shown by the complaint of H. M. Sullivan.' These words not being essential, nor descriptive of the offense, may be treated as surplusage." "In Allen v. The State, supra, it is said: 'Had the words been contained in parenthesis, or omitted entirely, the information would not have been obnoxious.' In this case, the words being contained in parenthesis, the objection is not a good one." And so in the present case, omitting the words, "upon affidavit of Frank Emison hereto attached and made a part hereof," we would have an information as follows: "Now comes R. L. McGaugh, county attorney of Brown County, Texas, and in behalf of said State presents in the County Court of Brown County, Texas, etc." We think, therefore, that the information is not subject to the criticism made by appellant.

5. The charge of the court taken altogether is a fair and correct presentation of the law of the case. The evidence was conflicting, but, if the testimony of the witness Spellman is to be credited, there was a straight, clear sale by appellant. As presented to us there is no error requiring a reversal of the judgment of the court below and the same is, therefore, affirmed.

*Affirmed.*