P. R. WILLIAMS v. THE STATE.

No. 12155. Delivered January 16, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—The indictment is in two counts, the first charging the unlawful possession for the purpose of sale of intoxicating liquors, and the second the unlawful transportation of intoxicating liquors. The conviction was on the second count with a penalty of two years in the penitentiary.

No brief is on file and only one bill of exception appears in the record. The State without objection proved an agreement for the sale of whiskey from appellant to one Combes. Afterwards whiskey was delivered to Combes by a boy claimed to be for appellant. The conversation occurring between this boy and witness Combes is made the subject of the said bill of exception and is as follows:

"I asked him where Williams was and he asked me what I wanted and I told him that I wanted a half gallon of whiskey and he said, I can get that for you, and he told me at the same time that he was working with Williams—not for Williams but with Williams. I asked him the price. I paid him $5.00 for the half gallon of whiskey. * * * Mr. Williams was not present at the time of this conversation. * * *"

This was objected to as immaterial, irrelevant, incompetent and hearsay. The bill is insufficient to show its immateriality and in-

competency. We find a qualification of the Court to the bill in part in the following language:

"All the evidence clearly showed this boy was agent of defendant in delivering the pint of whiskey and co-conspirators in selling it."

It is well settled that "proof of what was said and done by any of the conspirators pending the conspiracy and in furtherance of the common design is admissible against the one on trial though said or done in his absence." Branch's P. C., Sec. 694. Taylor v. State, 3 Tex. Crim. App. 200. The qualification above mentioned was objected to by appellant but his objection was not verified by the Court and no exception taken to same and we are therefore bound by the Court's qualification. Peasley v. State, 102 Tex. Crim. Rep. 492. As qualified this bill shows no error.

There are among the papers in this case many letters addressed to the members of this Court as well as ex parte affidavits, all purporting to give facts not shown in the trial court record. Such matters are highly improper. This is a reviewing Court only. A plain duty has been placed upon it to construe the issues of law as properly made in the lower court and presented here uninfluenced by popular clamor and undeterred by fear of outside influences. To do other than this is to prostitute our office and to forfeit our own as well as the respect of the thinking public. We say this much in the hope of preventing a recurrence of such in the future.

The evidence being sufficient in this case and no errors appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.