GREEN WILLIAMS v. THE STATE.

No. 12323.   Delivered February 13, 1929.
Rehearing denied March 6, 1929.
Second Rehearing denied March 20, 1929.

512

The opinion states the case.

*F. O. Fuller* and *W. B. Browder* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, theft of cattle; penalty, two years in the penitentiary.

A. V. White owned two head of cattle which ranged in the vicinity of appellant's residence some miles distant from the residence of White. A. V. White, Jr., a son of prosecuting witness, looked after these cattle. They appear to have been sold by appellant, who told the buyer at the time that they were the property of A. V. White but that he had the authority to sell them and collect the money. The cattle were delivered by appellant to the buyer in consideration of a check, which appears to have been cashed by appellant but according to State's witnesses never paid to A. V. White. White denies that he ever knew the appellant prior to the transaction and both he and his son deny any authority to appellant to sell the cattle.

Two bills of exception appear in the record bearing a file mark of October 31, 1928. Notice of appeal was given and court adjourned on September 10, 1928. An order of extension appears in the record for filing bills of exception but no time is mentioned therein and same is insufficient. The bills appearing to have been filed more than thirty days after the adjournment of court, cannot be considered. Art. 760, C. C. P. (1925).

The only question remaining is the error of the Court in overruling appellant's motion for a new trial based upon the allegation of newly discovered evidence. The affidavit of J. G. Bennett is attached to said motion purporting to show that witness would testify that A. V. White, Jr., just prior to the time of the alleged theft told witness, Bennett, that he wanted a loan of $20.00, stating that appellant had been employed by him to sell two head of cattle for him and that as soon as he obtained the money from said sale, he would repay the said $20.00. It is clearly inferable from the record that Bennett was a close neighbor of appellant. This is alleged to have occurred in the summer of 1926. Appellant was indicted in March, 1928. His trial was had in September, 1928. One S. L. Bennett appeared and testified as a witness on the trial on behalf of appellant and he is alleged by the District Attorney in a reply to appellant's motion for new trial to be a brother of the aforesaid J. G. Bennett and to have lived in the same house with the aforesaid witness. It is not alleged that inquiry was made of the witness J. G. Bennett or any of his family as to his knowledge of any fact known to him or them, nor is the failure to do so explained. If such an inquiry had been made and the witness failed or refused to divulge the information, a different question might be presented. Other neighbors were interviewed apparently and considering the long lapse of time and ample opportunity given appellant, we think the motion for new trial fails to show diligence. It should be made clearly to appear that appellant was ignorant of the evidence at the time of the trial and that such ignorance was not the result of want of diligence on his part to discover it. Price v. State, 36 Tex. Crim. Rep. 403; Evans v. State, 6 Tex. Crim. App. 513; Wheeler v. State, 15 Tex. Crim. App. 607; Vernon's C. C. P. (1925), Art. 753, Note 28, for full collation of authorities.

The evidence is deemed sufficient. Judgment affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In connection with his motion for rehearing appellant presents an application for certiorari, to which is attached a certified copy of the docket entries in this case, as well as

a copy of the order of the court below denying appellant a new trial. We are asked to issue a writ of certiorari commanding the clerk of the trial court to forward to this court "A perfect transcript of the record in this case in accordance with the law, and a corrected judgment of the trial court's action in overruling appellant's motion for new trial." This court is given no authority to accept mere docket entries in lieu of orders and judgments which are required by law to be shown in the minutes of the lower court. The power to correct judgments and orders, is for the trial court upon proper application and the hearing of supporting facts, and not for this court. We can not grant the motion for certiorari upon the showing made, and the motion for rehearing will be overruled.

*Overruled.*

#### OPINION ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes application for leave to file a second motion for rehearing and accompanies same by a proper showing that he has obtained at the hands of the trial court a nunc pro tunc order correcting the minutes of the court below so as to show that in overruling his motion for new trial the court granted eighty days within which to file bills of exception. The bills of exception which we have heretofore declined to consider, were filed within said period. We grant the application to the extent of considering said bills. Each bill complains that the State was permitted to introduce testimony supporting the good reputation for truth and veracity of State witness A. V. White, appellant's contention being that he had not in anywise attacked the credibility or reputation of said witness so as that the State might introduce such testimony. We are not in accord with this view. The appellant introduced proof that said witness made statements contradictory to those testified to by White while a witness. Under all the authorities this gave to the State the right to prove White's general reputation for truth and veracity. Graham v. State, 57 Texas Crim. Rep. 109; Anderson v. State, 53 Texas Crim. Rep. 527; Dickson v. State, 146 S. W. Rep. 916. See Branch's Crim. Law, Sec. 877. The bills manifest no error.

The second motion for rehearing is without further merit. Same will be overruled.

*Overruled.*