### E. L. MURRAY v. THE STATE.

No. 13560. Delivered June 18, 1930.
Rehearing denied October 29, 1930.
Reported in 31 S. W. (2d) 1075.

The opinion states the case.

*D. E. O'Fiel* of Beaumont, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Driving an automobile while intoxicated is the offense; penalty, confinement in the county jail for a period of ninety days.

The record contains both an original and supplemental transcript. In the original transcript there are no bills of exception. The evidence, as shown by the statement of facts, is sufficient to support the verdict. The recognizance was made March 1, 1930. The original transcript reached this court on April 15th. The supplemental transcript arrived May 23, 1930. The motion for new trial was overruled March 1st and notice of appeal given. The order, however, contains no extension of the time within which to file the bills of exception or statement of facts. As shown by the supplemental transcript there was filed in the trial court on the 17th day of May a motion to enter an order nunc pro tunc. It is averred that at the time his original motion for new trial was overruled and notice of appeal given, a request was made by the appellant and granted by the court to extend the time for filing the statement of facts and bills of exception until eighty days after the adjournment of court; that the order was by inadvertence omitted; that

counsel for the appellant had the assurance of the district judge and the district clerk that the order extending the time above mentioned would be duly entered and carried forward into the minute book which was in possession of the clerk, which contained the forms for the entry of such orders, the form requiring only the filling in of blank spaces; that acting upon the assurance of the clerk and the judge, counsel took no further notice of the matter and did not know of the omission until he presented his statement of facts for approval, which was on the 17th day of May, about twelve days after the adjournment of court.

On the hearing of the motion mentioned on the 19th day of May, 1930, the attorney for the appellant, the district clerk and the district judge each gave testimony. After hearing the evidence the court entered an order overruling the motion to which the appellant excepted and gave notice of appeal to this court. Many years ago the statute, Art. 884, C. C. P., (now Art. 828), was construed by this court to preclude the trial court from entering an order nunc pro tunc correcting the record in a criminal case after the jurisdiction of this court was attached. This court, in the case of Turner v. State, 16 Tex. Ct. App. 318 (decided in 1884) expressed the view that the soundness of the interpretation of the statute was open to question but if not correct the statute should be amended by the Legislature. The court, in the case mentioned, felt unauthorized to change the construction, which has been followed ever since in many cases which are collated in Acuff v. State, 262 S. W. 761. By the precedents mentioned this court deems itself controlled. We will add, however, that the conflicting nature of the evidence heard upon the hearing of the motion to enter the judgment nunc pro tunc would in any event preclude this court from overturning the ruling of the court in refusing to enter the order nunc pro tunc.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant seems to contend that we did not consider his statement of facts. We did, and held the evidence sufficient.

The case is a felony because of the fact that an alternative punishment may be given of imprisonment in the penitentiary. See Art. 47, P. C. Art. 760, C. C. P., in so many words, says that in every

felony case the filing of a statement of facts within ninety days after notice of appeal, shall be within the time allowed by law, no matter how short or how long be the term of court. In this case the term of court continued more than eight weeks. Notice of appeal was entered on March 1st, and the statement of facts was filed May 19th following. It was in time.

We see no error in what was said in our original opinion upholding the action of the lower court in deciding against appellant on the hearing of his motion for the entry of a nunc pro tunc order extending the time for filing bills of exception. The evidence then heard was conflicting. The discretion of the trial court in such case is not shown to have been abused.

The different counts of the indictment were evidently drawn to meet possible phases of testimony, all relating to and growing out of a single transaction. In such case no election can be compelled, and a general verdict must be upheld.

The motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.