JOHN AINSWORTH v. THE STATE.

No. 12925. Delivered June 25, 1930.
Reported in 30 S. W. (2d) 310.

322

The opinion states the case.

*Chastain & Judkins,* and *Tom J. Cunningham,* all of Eastland, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of property of the value of more than fifty dollars; punishment seven years in the penitentiary.

There appears in this record in bill of exception No. 13 an objection to the argument of the county attorney. The argument objected to is as follows:

"You have seen John Ainsworth smiling and playing around here with these little flappers around the court room during the trial of this cause and you are going to bring in a verdict that will take that smile off his face and make him serious one time in his life.—He talks to the flappers, but does not choose to talk for you."

The objection to this was that it was an allusion to the failure of the defendant to testify in his own behalf. We are constrained to believe the contention well founded. There is in the record an application by the State for a certiorari seeking to have incorporated in this record an amendment to said bill of exception No. 13, which purported amendment omits from the bill the last clause of the

argument above quoted referring to appellant's failure to talk to the jury. The application for certiorari is accompanied by a supplemental transcript and a statement of facts heard by the court upon hearing of the motion to correct the record. Without going at length into the question as to whether or not, upon a proper showing of fraud, this court could make an order directing a trial court to forward to this court a corrected bill of exception—we are of opinion that there is no such showing made in this case of any fraud or deception practiced upon the trial court as could in any event call for the granting of such order by us. The case was tried before a special judge. He testified himself upon the hearing, and says in plain language "There was no fraud or deception practiced on me to obtain my signature to bill No. 13, that I know of." The attorneys who prepared the bill of exception testified that same was made from notes taken upon the trial, and that it correctly represented the facts according to their best judgment. We do not believe ourselves authorized to extend the provisions of Art. 828, C. C. P. See Quarles v. State, 37 Texas Crim. Rep. 362.

Bill of exception No. 6 presents complaint of the refusal of the court to allow the defense to prove by Furman Anderson, after said witness had testified that an agreement had been made between himself, Watson and appellant that Watson should get the car set out in the indictment and all the parties should use same to go to Coleman, Texas,—that it was agreed and understood by all the parties that Watson was to drive the car back to Eastland, and that it was not the intention of any of the parties to permanently appropriate the car to their own use and benefit, or to deprive the owner of its value. The ordinary interpretation of the words "agreed and understood" would be that something was said by the parties evidencing their intention and purpose. As far as we understand this bill, it was error for the court to refuse to allow the witness to testify that neither he nor his confederates intended to permanently appropriate this car. To the same effect is bill of exception No. 7.

It appearing that appellant was with two other young men, and that they took the car in question and drove it from one county seat to another, and then back, we think where the State uses one or both of the confederates of the accused, unless the record strongly suggests that such confederates acted from different purposes and motives than that of the accused, the defense would be entitled to elicit from them that they did not intend to permanently appropriate the car.

The State seems to have depended in this case to quite an extent upon the testimony of more than one accomplice. Appellant asked the court to instruct the jury that one accomplice could not corroborate another, and that in order to justify a conviction there must be testimony aside from that of all the accomplices tending to connect appellant with the commission of the offense. We are of the opinion that where the State relies upon more than one accomplice witness, the trial court should instruct the jury that one accomplice can not corroborate another.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*