SAM REED v. THE STATE.

No. 14189. Delivered March 4, 1931.

518

The opinion states the case.

*Owsley & Owsley,* of Denton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery with firearms; the punishment, confinement in the penitentiary for forty-five years.

Appellant files in this court after the adjournment of the term of court at which he was convicted his affidavit in which he states, in substance, that he is not guilty of the offense for which he has been convicted. Reference is made in the affidavit to a statement sworn to by Lee Goodson which also appears to have been originally filed in this court long after the adjournment of the term of court at which appellant was convicted. Goodson's affidavit is to the effect that he saw one Pruitt rob the injured party, and that appellant did not participate in the commission of the offense and was not present. Appellant states in his affidavit that he was not acquainted with Goodson and had no knowledge of him until long after his trial and conviction. These affidavits cannot be considered for any purpose. Cassel v. State, 94 Texas Crim. Rep., 23, 249 S. W., 1079; Rea v. State, 77 Texas Crim. Rep., 565, 179 S. W., 706; Cassius v. State, 110 Texas Crim. Rep., 456, 7 S. W. (2d) 530; Williams v. State, 111 Texas Crim. Rep., 378, 13 S. W. (2d) 112.

No bills of exception are found in the record.

Frank Evans, the injured party, testified that appellant came into his store with Bob Holley and another man, exhibited a pistol, and directed him to hold up his hands. He said he refused to obey appellant's command and endeavored to defend himself; that the parties beat him until he was unconscious; that they then tied his hands and feet. Taking approximately twenty dollars from the cash drawer, a pair of gloves and flashlight, the parties left the store. Upon regaining consciousness the next morning, the injured party called for help. Appellant and Bob Holley were arrested. The gloves belonging to the injured party were found under a mattress in appellant's room. The flashlight was found in the room of Bob Holley. We deem it unnecessary to recite other facts and circumstances found in the record supporting the testimony of the injured party as to the identity of his assailants. Appellant offered no testimony.

Being of the opinion that the evidence is sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., not sitting.