## J. E. CASTORIA V. THE STATE.

No. 14529.   Delivered January 13, 1932.
State's Rehearing Denied March 16 1932.

194

The opinion states the case.

E. J. Cussen, of Canadian, and F. L. Henderson, of Bryan, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for three years.

The judgment of the court recites that appellant pleaded not guilty to the charge contained in the indictment. Looking to the charge of the court, we find that the jury were advised that appellant had pleaded guilty and had been properly admonished by the court as to the consequences of such plea. The jury were instructed in the charge to find the appellant guilty and to assess his punishment at any term of years not less than one nor more than five. It is apparent that the judgment of the court fails to follow the charge. If appellant entered a plea of guilty it was necessary that the judgment should affirmatively show that

the trial court properly admonished him as to the consequences of such plea and that the court had passed on the question of the sanity of appellant and had found him sane. In Coleman v. State, 35 Texas Crim. Rep., 404, 33 S. W., 1083, this court, in discussing a similar question, said: "In our opinion, however, this is a matter which must be presented to the court, and the court must make its findings thereon, and this must be entered of record in connection with the plea of guilty. These prerequisites to the validity of the plea, and the acceptance thereof by the court, are indispensable, and must be made manifest of record." It is provided in article 501, C. C. P., that if the accused plead guilty he shall be admonished by the court of the consequences, and that no such plea shall be received unless it plainly appears that the accused is sane and is uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon prompting him to confess his guilt. In Evers v. State, 32 Texas Crim. Rep., 283, 22 S. W., 1019, 1020, this court, speaking through Judge Davidson, said: "The record does not show that at or prior to entering his plea of guilty the defendant was 'admonished by the court of the consequences,' as required by the statute; nor does it appear that he was sane, and 'uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon, prompting him to confess his guilt.' * * * The requirements of articles 518 and 519 are mandatory." In Taylor v. State, 88 Texas Crim. Rep., 470, 227 S. W., 679, 684, in an opinion by Judge Lattimore, this court said: "The act of pleading guilty to the commission of a crime, a felony, which involves disgrace and heavy penalties, is so against his interest that it pleased the merciful framers of our laws to assume that a man would not do so in his right mind, and when free from hostile influences. So that the inquiry in such case is confined to the time of the plea and is only for the court. Hence it has always been held necessary that the judgment in such case should affirmatively show that the trial court had passed on this question and found the accused sane, as a prerequisite to accepting such plea. Sanders v. State, 18 Texas App., 372; Saunders v. State, 10 Texas App., 336; Wallace v. State, 10 Texas App., 407; Frosh v. State, 11 Texas App., 280; Harris v. State, 17 Texas App., 559; Burton v. State, 33 Texas Crim. Rep., 138, 25 S. W., 782; Coleman v. State, 35 Texas Crim. Rep., 404, 33 S. W., 1083. If appellant did not plead guilty then the charge of the court was fundamentally erroneous in instructing the jury to find appellant guilty. Hence it is obvious that the failure of the judgment to follow the charge of the court leaves the record in such condition that a reversal must follow.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been exam-

ined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the motion for rehearing filed by the state, it is claimed that while the judgment, as it appears in the transcript before this court and in the trial court, shows that the accused plead *not guilty,* that in truth he plead guilty. Supporting this averment, there are attached to the motion the affidavits of the district judge, district attorney, district clerk, and the sheriff, stating that as a matter of fact the accused entered a plea of guilty. It is contended that the incompatibility of the recital of the judgment with that in the charge of the court, not having been made the subject of complaint in the court below, is not available as ground for reversal upon appeal. The non-existence of the power of the Court of Criminal Appeals to make a change in the judgment of the trial court, such as that under consideration, by the use of affidavits impeaching the correctness of the judgment of the trial court, has often been declared. The most recent example is the case of Schwartz v. State, 119 Texas Crim. Rep., ___, 46 S. W. (2d) 985, decided March 9, 1932. See also McKee v. State, 118 Texas Crim. Rep., 479, 42 S. W. (2d) 79; Ex parte Maple, 116 Texas Crim. Rep., 135, 33 S. W. (2d) 734; Williams v. State, 111 Texas Crim. Rep., 511, 14 S. W. (2d) 274. Analogous cases are the following: Chisholm v. State, 108 Texas Crim. Rep., 401, 1 S. W. (2d) 613, and cases collated therein; Murray v. State, 116 Texas Crim. Rep., 178, 31 S. W. (2d) 1075; Reed v. State, 117 Texas Crim. Rep., 517, 36 S. W. (2d) 730.

As copied in the transcript, the judgment states specifically that the appellant entered a *plea of not guilty.* The effect of such a plea is to put the state on proof of the guilt of the accused of the offense charged, by competent evidence beyond a reasonable doubt; that in the absence of such proof, beyond a reasonable doubt, an acquittal should result. In the charge found in the present record, the jury was instructed that the appellant had entered a *plea of guilty.* The consequence of such plea is to *admit the guilt* of the accused of the offense charged and to leave the jury only the question of the extent of the punishment within the statute. The charge of the court, as it appears in the present instance, is in accord with the procedure in a plea of guilty. Looking to the record alone, there appears an irreconcilable conflict. There is before this court no record of any authentic fact by which it may be able to determine whether the appellant entered a plea of guilty or plea of not guilty. If he entered a plea of not guilty, the conviction would be wholly unauthorized. Under such circumstances, this court does not regard itself in a position to reform the judgment as is permissible in a proper case under

the terms of article 847, C. C. P., 1925. See Pate v. State, 21 Texas App., 197, 17 S. W., 460.

On the subject of correcting judgments, it is the general rule that after the term at which the judgment was rendered, the trial court is without power to correct a judgment which it has made final. See Freeman on Judgments (5th Ed.), vol. 1, p. 269, sec. 141. Apparent application of this rule was applied by this court in the case of Ex parte Minor, 115 Texas Crim. Rep., 634, 27 S. W. (2d) 805; Ex parte McKenzie, 115 Texas Crim. Rep., 315, 29 S. W. (2d) 771; Ainsworth v. State, 115 Texas Crim. Rep., 321, 30 S. W. (2d) 310. Generally speaking, it has been the practice in this state that the power of the trial court to amend or change a judgment ceased when in the same case the jurisdiction of the Court of Criminal Appeals attached. See Quarles v. State, 37 Texas Crim. Rep., 362, 39 S. W., 668, and Turner v. State, 16 Texas App., 318. This practice is subject to the qualification that during the term at which the conviction was entered, the notice of appeal may be withdrawn and the jurisdiction thereby restored. The announcement mentioned has been repeatedly reaffirmed. See Walker v. State, 85 Texas Crim. Rep., 482, 214 S. W., 331; Ainsworth v. State, supra.

To the minds of this court, it is perfectly clear that it is authorized to take no action based upon the affidavits to which reference is made. Without asserting that there exists in the law no means by which, in the trial court, it may be possible to correct the record, we entertain no doubt that under the law governing the courts of this state, no change in the judgment record can be made in the trial court, while the case is pending on appeal and is under the jurisdiction of this court.

For the reasons hereinabove stated, we are constrained to overrule the state's motion for rehearing.

*Overruled.*