ORENE POND v. THE STATE.

No. 14970.   Delivered March 2, 1932.
Rehearing Denied April 13, 1932.

The opinion states the case.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, three years in the penitentiary.

The facts in this case establish beyond doubt appellant's guilt. When the case was called for trial appellant filed a plea of former jeopardy, setting up that she had been convicted of the same offense at a former time, and attaching as exhibits to the plea a copy of the charge of the court and the verdict of a jury, both dated in 1929. It was alleged in the plea that the verdict had never been set aside, and the trial court was asked to "abate" the trial because of the matters alleged. Appellant appears to have introduced proof of the fact that an indictment was returned against her and that a verdict was rendered. Neither the alle-

gations nor the proof adduced are sufficient to support a plea of jeopardy. It is not shown that judgment was ever entered, or sentence pronounced. The learned trial judge heard the plea and overruled it. It appears that this cause was numbered in the trial court 5407. Examination of the records of this court discloses the fact that on November 11, 1929, there was filed with the clerk of this court a transcript on appeal from the district court of Cherokee county, Texas, in cause No. 5407, styled Orene Pond v. State of Texas, and that thereafter, in an opinion duly rendered by this court, the judgment in cause No. 5407 was ordered reversed and the cause remanded for a new trial. In our opinion the action of the trial court in declining to consider said plea of jeopardy is not shown to be erroneous.

Appellant asked a new trial on the ground of misconduct of the jury, attaching the affidavits of four jurors to her motion. The state controverted said motion, and the court heard the evidence of eleven jurors, including the four whose affidavits were attached to said motion. The juror Garner repudiated the only thing appearing in his affidavit from which inference might arise that harmful discussion was had in the jury room. Careful examination of the testimony of the jurors fails to reveal any misconduct on the part of any of them. Nothing in their testimony appears of sufficient materiality to call for discussion.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

Morrow, P. J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant challenges the correctness of our conclusion upon both points discussed in our original opinion. With reference to the plea of former jeopardy; this court suggested in the original opinion that this identical case was before this court once before and was reversed and remanded for a new trial. We think appellant is wrong in her position that the court should have entered a corrected judgment upon the verdict originally rendered and not have proceeded to re-try the case. The effect of the reversal was to send the case back for a trial de novo. Article 852, C. C. P., reads: "Where the Court of Criminal Appeals awards a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the court below."

In our original opinion we stated: "Careful examination of the testimony of the jurors fails to reveal any misconduct on the part of any of them. Nothing in their testimony appears of sufficient materiality to call for a discussion." In her motion for rehearing appellant criticizes the latter part of the statement just quoted and refers to the testimony of the juror Dunham as found in the statement of facts on the hearing of the

motion for new trial. In her amended motion for new trial appellant avers that while the jury was deliberating upon their verdict "other testimony was given in the jury room in the absence of defendant pertaining to the general reputation of this defendant as a bootlegger, and various other statements regarding this defendant and other trials and prosecutions aaginst her." Upon the hearing of the motion appellant signally failed to support the foregoing averment. After the testimony of the jurors had been taken the court permitted appellant to file a "supplemental motion" for new trial, in which it was averred that while the testimony was being introduced from the members of the jury it had developed that one of the jurors, to-wit: G. C. Durrett, had heard prior to the trial that appellant was engaged in the business of selling beer and whisky, and that said juror on his voir dire examination had withheld such information from appellant, and that the testimony of said Durrett upon the hearing of the motion had disclosed that he was a prejudiced juror. The state controverted this "supplemental motion" of appellant. An investigation of the evidence heard upon the motion for new trial fails to disclose either from the testimony of the juror Durrett or from any other juror that the averments with reference to the juror Durrett were sustained. In his motion for rehearing, however, appellant calls attention to the testimony of the juror Dunham. His testimony discloses that prior to the trial he had information regarding appellant, which, if it had been concealed from appellant upon the voir dire examination of the juror, might have furnished some basis for a claim that the juror Dunham was not an impartial juror. There was no pleading on the part of appellant challenging the juror Dunham's fairness. Appellant does set up in her supplemental motion that before the jury was selected appellant's counsel and the district attorney interrogated the jury as to whether they had any bias in favor of, or prejudice against appellant, ot whether they knew any fact or facts that might influence them in rendering a verdict in this case, and that each of the jurors answered that he knew nothing that might influence his verdict. Such averment in the motion, although supported by appellant's affidavit, would do no more than present a pleading upon which she would be privileged to present proof. See Lopez v. State, 84 Texas Crim. Rep., 422, 208 S. W., 167; Noble v. State, 98 Texas Crim. Rep., 463, 266 S. W., 412; Johnson v. State, 111 Texas Crim. Rep, 395, 13 S. W (2d) 114. This averment is in no way supported by any evidence heard upon the motion. The only proof we find regarding the examination of the jurors was from one who sat upon the jury; he said the jurors were asked if any of them was acquainted with appellant or had heard of her, and that several of them held up their hands, indicating that they knew her or had heard of her. There is nothing in the evidence to show that the inquiry was prosecuted further. Whatever the juror Dunham may have heard about appellant

was not disclosed by him to the other jurors. The information Dunham had about appellant would not ipso facto brand him as an unfair or prejudiced juror. If he had sought to use such information to influence other jurors, or if he had purposely withheld from appellant the fact that he had such information, the question would be presented in a different light.

The motion for rehearing is overruled.

*Overruled.*