## J. E. CASTORIA V. THE STATE.

No. 15595. Delivered February 8, 1933.
Reported in 56 S. W. (2d) 1079.

The opinion states the case.

*Hoover, Hoover & Cussen,* of Canadian, and *F. L. Henderson,* of Bryan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The appeal is from a judgment of the

district court of Hemphill county correcting its judgment entered at a prior term thereof finding appellant guilty of transporting intoxicating liquor, and assessing his punishment at three years confinement in the state penitentiary.

This is the second appeal in this case. The opinion upon the former appeal of this case will be found in 119 Texas Crim. Rep., 193, 47 S. W. (2d) 325.

The record discloses that on the 14th day of March, 1931, appellant was found guilty of the offense of unlawfully transporting intoxicating liquor, and his punishment assessed at three years confinement in the state penitentiary. Judgment was rendered by the trial court upon the verdict of the jury, and appellant's motion for new trial was overruled, and appellant sentenced, to which action by the trial court appellant excepted, and in open court gave notice of appeal to this court. The judgment of the lower court was reversed and remanded by this court on January 13, 1932, and the state's motion for rehearing denied on March 16, 1932. The mandate of this court showing that said cause had been reversed and remanded was filed in the district court of Hemphill county on March 21, 1932. The state through her district attorney filed in the district court of Hemphill county on May 14, 1932, a motion to correct the judgment theretofore entered on March 14, 1931, and enter nunc pro tunc a judgment reflecting the true record in said cause. The appellant filed a written answer to the state's motion to reform the judgment, setting up the fact that said cause had been heretofore tried on the 14th day of March, 1931, before a jury, and judgment entered at said term of court, and thereafter said term of court adjourned, and said cause was afterwards duly appealed to the Court of Criminal Appeals at Austin, and on a hearing in said court said cause was duly reversed and remanded, and the district court was without jurisdiction or authority in the premises to reform the judgment entered at said former term of court, and was without jurisdiction or authority to enter judgment in said cause nunc pro tunc, and that under the law the defendant was entitled to a trial by jury of said cause and a trial de novo, and the granting of said motion would be depriving this defendant of the right of trial by jury, and would deprive this defendant of his liberty without due process of law and without having been tried as provided by law.

The record further discloses that at a special term of the district court of Hemphill county on the 14th day of May, 1932, the court heard evidence upon the motion of the state to enter judgment nunc pro tunc and to resentence the appellant, and

overruled appellant's exceptions and objections to the motion of the state. The court then granted the state's motion as prayed for, and entered an order setting aside the judgment entered at the March term, 1931, and directed the clerk to spread upon the minutes of said court judgment nunc pro tunc reflecting the true record in the case, and resentenced the appelant, to all of which action by the court the appellant excepted and in open court gave notice of appeal to this Court.

Our Code of Criminal Procedure provides that, after a conviction, a district court in which said conviction was had may grant a new trial to the appellant for certain causes upon a motion in writing setting forth the grounds upon which the new trial is asked. See articles 751 to 758, inclusive, of the Code of Criminal Procedure, Revised Statutes, 1925. Article 759 of the C. C. P. reads as follows: "The effect of a new trial is to place the cause in the same position in which it was before any trial has taken place. The former conviction shall be regarded as no presumption of guilt nor shall it be alluded to in the argument."

Article 852, C. C. P., reads as follows: "Where the Court of Criminal Appeals awards a new trial to the defendant, the cause shall stand as it would have stood in case a new trial had been granted by the court below."

It would appear from these provisions of our Code of Criminal Procedure that, where the Court of Criminal Appeals awards a new trial to the defendant by reversing the judgment of the trial court on appeal, the cause shall stand as it would have stood in case the new trial had been granted by the district court, and the effect of reversing and remanding a case by this Court is to place the cause in the same position in which it was before any trial had taken place. See Cox v. State, 7 Texas App., 495; Fuller v. State, 30 Texas Crim. Rep., 560, 17 S. W., 1108; Pond v. State, 120 Texas Crim. Rep., 232, 48 S. W. (2d) 285.

We accordingly hold that the action of the trial court was erroneous and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.