

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 22, 1970

Hon. F. A. Cerda
County Attorney
Jim Hogg County
Hebbronville, Texas

Opinion No. M-612

Re: Whether the Justice of the
Peace and Constables who are
running for election to be
deemed legally in the race
for their respective pre-
cincts in the May 2nd Primary
under the stated facts and

Dear Mr. Cerda:                    circumstances.

Your opinion request on the above captioned subject
reads, in part, as follows:

"Are the Justice of the Peace and Constables
who are running for re-election legally in the
race for their respective precincts in the May
2nd primary under the following facts and cir-
cumstances?

"  . . .

"On the 31st day of January, 1969, the
Commissioners' Court passed an order re-districting
the commissioners' precincts, which said order was
duly published in the newspaper and posted in
several different places in the county, a copy is
herein attached.

"On the 22nd day of August, 1969, the Com-
missioners' Court by the attached order created
the election precincts with the same boundaries
as the commissioners precinct, wherein they wanted
to create the justice and constables and inadvertently
the wording to create same was left out in the
ordering part.

"The deadline for filing for candidates for
justice of peace and constables as well as others

-2922-

was February 2, 1970 and the candidates filed
for positions for Justice of peace and constables
in conformity with the newly created precincts.

"On the 9th day of March, 1970, the Commis-
sioners' Court passed an order (copy of which is
herein attached) stating that in the order of August
22, 1969, it was their intent to create the Justice
of peace and constable precincts and to clarify the
matter and in addition to said order they were at
this time establishing the new Justice of peace and
constable precincts with the same boundaries as the
commissioners precincts created on the 31st day of
January, 1969.

"Discussing is only to Justice of peace and
constable candidates. The commissioner precincts,
election precincts and the Justice of peace and
constable precincts have the same boundaries.

"Each person filing for these positions are
well within their boundaries and none are affected
adversely. They all filed with the intention to
run for their respective positions within the newly
created precincts."

The copies of the commissioners court minutes show that
on January 31, 1969, the Commissioners Court redistricted all of
the commissioners precincts setting out descriptions by metes and
bounds for all four precincts, thereby creating new county commis-
sioners precincts to be effective April 10, 1969.

On August 22, 1969, the Commissioners Court redistricted
all election precincts to conform to the boundaries of the new
county commissioners precincts and in said order recited the
following:

"Whereas, the Commissioners' Court of Jim Hogg
County, Texas, on Friday the 31st day of January, 1969,
did pass an order changing the boundaries of Commissioners
Precinct Nos. 1, 2, 3, and 4 of Jim Hogg County, and

"Whereas, the voters of each of the above precincts
are entitled to elect one (1) county commissioner, one
(1) Justice of the Peace, and one (1) constable, and . . .

"Now therefore, it is ordered, adjudged and decreed
that the County of Jim Hogg is hereby divided into

election precincts to be known as follows, to-wit:
. . .

"It is further ordered that this order be pub-
lished for three weeks (3) consecutive weeks as re-
quired by law, and that said order shall become
effective according to law.

" . . ."

On March 9, 1970, the Commissioners Court passed an
order reading, in part, as follows:

"The Commissioners' Court of Jim Hogg County,
Texas, did on the 22nd day of August, 1969, pass
an order specifying the new election precinct
boundaries at which time it was the intention of the
Commissioners Court to also create new Justice of the
Peace and Constables precinct boundaries. The said
new Justice of the Peace and Constable precincts
boundaries would conform to the County Commissioners'
precinct boundaries which were created on Commissioners'
order dated January 31, 1969, and in order to clarify
the intent of the Order dated August 22, 1969, in
addition to, without changing the said Order of
August 22, 1969, it is now Ordered, Adjudged and
Decreed that the County of Jim Hogg, Justice of
the Peace Precinct No. 1 and Constable Precinct
No. 1 shall have the same boundaries of the County
Commissioners' Precinct No. 1 boundaries as des-
cribed by metes and bounds in the Order of the Com-
missioners' Court of Jim Hogg County, Texas, dated
January 31, 1969; Justice of the Peace Precinct
No. 2 and Constable Precinct No. 2 shall have the
same boundaries of the County Commissioners Precinct
No. 2 boundaries as described by metes and bounds in
the Order of the Commissioners' Court of Jim Hogg
County, Texas, dated January 31, 1969; Justice of the
Peace Precinct No. 3 and Constable Precinct No. 3
shall have the same boundaries of the County Commis-
sioners Precinct No. 3 boundaries as described by
metes and bounds in the Order of the Commissioners
Court of Jim Hogg County, Texas, dated January 31,
1969; Justice of the Peace No. 4 and Constable
Precinct No. 4 shall have the same boundaries of
the County Commissioners Precinct No. 4 boundaries
as described by metes and bounds in the Order of the
Commissioners' Court of Jim Hogg County, Texas, dated
January 31, 1969."

Under the provisions of Section 65 of Article XVI of the Texas Constitution this is an election year for the office of Justice of the Peace but is not an election year for the office of Constable. The offices of constable and Justice of the Peace in each of the new precincts came into being vacant as of March 9, 1970, and said vacancies were to be filled by the Commissioners Court until the next General Election. Attorney General Opinions WW-536 (1958) and V-1032 (1950).

The order of March 9th changed the boundaries but did not change the numbers of the Justice precincts, there being at all times four justice precincts as required by the Constitution. Under the provisions of Section 65 of Article XVI of the Texas Constitution this is an election year for all Justices of the Peace in single justice precincts. All such offices are to be filled for a four year term. This holds true for newly created as well as previously existing offices of justice of the peace. The candidates filed for the office of justice of the peace by the proper precinct number. The changing of the boundaries could have affected their residence requirements but did not do so under the facts set out in your letter. The changing of the precinct numbers could have affected the identification of the particular office for which a candidate sought to run but did not do so under the facts presented. You also stated that all candidates for justice of the peace filed with the intention to run for their respective positions within the newly created precincts which at the time they filed they thought corresponded to the new County Commissioners precincts. The order of March the 9th recites that the justice precincts shall correspond to the commissioners precincts. We have found no provision of the Election Code which would extend the deadline for filing for justice of the peace or would require that such candidates to amend their applications, withdraw them, or refile their applications for the office under the facts presented. Therefore, based upon the facts presented, we have concluded that the candidates who filed for the offices of justice of the peace by the February 2nd deadline are legally on the ballot for the May 2nd primary election.

The controlling legal question is whether a candidate's application filed in accordance with the Election Code but prior to the change of boundaries of the justice precincts by the order of the Commissioners' Court must be treated as a nullity. The intention of the candidate to run for the described office is clear under Article 13.12 of the Election Code. If the candidate desired

to withdraw for such position, authority there exists for him to do so. Since there was no withdrawal, it is clear that the application was intended to remain on file for the position described. There is no requirement of law that the application must describe the boundaries of the precinct but only that it be identified by number, and this was complied with. Since the boundaries for the various precinct numbers came into effect well prior to the election, there can be no question as to the intent of the voters to vote for the candidates seeking election in their precincts.

There is no statutory provision governing the specific procedure here involved, but our Supreme Court has held that in the absence of a statute to cover a particular procedure or method when by virtue of a happening (resignation) it was too late for prospective candidates to file applications to get their names on the ballots on final date fixed by statute, the party is free to follow any other method in keeping with its usages and customs, if not expressly prohibited by law. Kilday v. Germany, 139 Tex. 380, 163 S.W.2d 184 (1942).

It is the opinion of this office that the candidate's application under the circumstances must be deemed at least a substantial compliance with the Election Code, and should not be deemed a nullity. In cases of doubt, it is well settled that all doubts should be resolved in favor of the right so to participate as a candidate. In any event, in an election contest, it is well settled that elections may be contested only upon the grounds authorized by the Election Code, and the irregularity involved here could not be raised. Magnolia Petroleum Co. v. Jackson County Water Control and Imp. Dist. No. 1, 290 S.W.2d 310, Tex.Civ.App. 1956, no writ; Oser v. Cullen, 435 S.W.2d 896 (Tex.Civ.App. 1968, error dism.). Tested by the above considerations, we conclude that the premature filing of the candidate's application under the facts and circumstances is not a fatal irregularity which would invalidate the election of such candidate should he be elected.

The question of the effect of the Commissioners Court order in changing the precinct boundaries is not necessarily a pertinent or controlling consideration here in view of the foregoing considerations.

Since under the provisions of Section 65 of Article XVI of the Texas Constitution this is not an election year for the office of constable, the office of constable in each of the new

precincts came into being vacant and with an unexpired term which ends on December 31, 1972. See Attorney General's Opinion No. WW-1499 (1962). Article 13.13a of the Texas Election Code prescribes the manner in which persons are to be nominated and elected to fill unexpired terms. The vacancies in the offices of constable occurred on March 9, 1970. That date is more than five days after the regular filing deadline of February 2, 1970, and more than thirty days before the general primary on May 2, 1970; therefore, the provisions of paragraph 2 (11) of Article 13.12a, Texas Election Code, apply and said section declares that:

". . .nomination for the unexpired term shall be made by primary election, and candidates shall have until the end of the twenty-fifth day preceding the day of the general primary in which to file applications for a place on the primary ballot. The application must be received and filed in the office of the proper chairman before the deadline, and applications mailed but not actually received before the deadline shall not be accepted for filing."

According to our calculations the filing deadline prescribed by this provision is midnight of April 7, 1970.

Based upon the facts as set out in your letter this office holds that all candidates who have filed for the office of constable for the unexpired term which ends on December 31, 1972 by midnight of April 7, 1970 and who meet all requirements of the Election Code would legally be on the May 2nd primary ballot for their respective constable precincts.

### S U M M A R Y

Based upon the facts and circumstances presented, all candidates for justice of the peace who filed by the February 2nd deadline are legally on the primary ballot for the election to be held May 2nd. Candidates for the unexpired term of Constable who filed by midnight of April 7th, 1970 who meet all election law requirements would be legally on the May 2nd primary ballot.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting-Co-Chairman
Ivan Williams
W. O. Shultz
Arthur Sandlin
John Grace

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant