SOPHIA ANN CRAFTS, administratrix, *vs.* CITY OF BOSTON.

In an action against a city, under the Gen. Sts. c. 44, § 22, for personal injuries caused by a defect in a highway, the person injured cannot recover if all the evidence in the case is equally consistent with either care or negligence on his part.

In an action against a city, under the Gen. Sts. c. 44, § 22, for personal injuries caused by a defect in a highway to a person driving thereon, the exclusion of evidence that his horse was a safe and proper horse furnishes no ground of exception, if there is no other evidence that he was in the exercise of due care.

TORT, under the Gen. Sts. c. 44, § 22, by the administratrix of the estate of Jacob Crafts to recover for injuries to her intestate which resulted in his death, and were occasioned by a wagon which he was driving falling, on October 15, 1858, into a ditch by the side of Dorchester Avenue, a highway in South Boston which the defendants were bound to repair, at its junction with Dorchester Street. Writ dated May 1, 1860.

At the trial in this court, before *Colt*, J., at September term 1871, there was evidence introduced tending to show that the plaintiff's intestate was about forty-five years old and of sober habits, and for several years had carried on the business of baker on Dorchester Street, near its junction with Dorchester Avenue had his house not far-off, and had driven his baker's wagon over his route in Boston and South Boston; that not long before the accident he was seen driving with John Strain and one Woodman, and Strain drove the wagon home after the accident; that Strain was dead and Woodman "out West;" that the plaintiff's intestate died from the results of the accident; and that the ditch, which was alleged to have caused the accident, had existed

for some months, perhaps a year, by the side of the way, was two feet deep by three feet wide, encroached upon the travelled part of the way, and amounted to a defect therein.

The only other material evidence was that of Joseph Frye, who testified as follows : " I know the place where the accident occurred. I was near by at the time. My attention was drawn by the crash. It happened between three and four o'clock in the afternoon. When the accident happened, my attention was called to it. I was then a short distance from the spot where it occurred, and approaching it coming towards Boston. I heard the crash, and observed the general confusion. I helped to right things and pick Mr. Crafts up. The wagon, a covered one, was unshipped, and the horse was a little way ahead, with the front wheels. Mr. Crafts lay under the body of the wagon. I saw another team and a horse-car at the moment of the accident. There was a confusion of teams just then. I remember the ground particularly, by the fact of my following and tracing the track of the wagon, which I could easily do, as it had rained a day or two before, and the mud was still soft. The wagon took one hundred to one hundred and fifty feet to turn in, making a deviation to the right of about four feet in a hundred. It was going south, on the right-hand side of the street. The other carriage was going the other way, as was the horse-car. I saw other tracks there. It was a place of a great deal of travel." Cross-examination. "I think Dorchester Avenue was then about sixty feet wide. There was a single horse-car track in the middle of the street. The ditch ran along about one hundred feet. The tracks show that the wagon began to turn with the ditch, and had gone a hundred feet nearly parallel to it."

" The plaintiff also offered evidence to show that the horse driven by the plaintiff's intestate at the time of the accident was a safe and proper horse ; but the judge held that it was not needful to prove this, and excluded the evidence ; and upon all of the evidence held that the plaintiff had failed to show that her intestate was in the exercise of ordinary care, and directed a verdict to be returned for the defendants." The plaintiff alleged ex·ceptions.

*J. F. Pickering*, for the plaintiff.

*J. P. Healy*, for the defendants.

WELLS, J.   The only question presented by the ruling at the trial is that of due care on the part of the plaintiff's intestate. That the injury happened in consequence of his coming upon the defect in the way must be assumed, although not distinctly appearing from the report.

There is no direct evidence either of care at the time of the accident, or the contrary.   The rule laid down in *Mayo* v. *Boston & Maine Railroad*, 104 Mass. 137, in regard to the extent and mode of proof necessary to sustain such an action, is applicable here.   But the circumstances of the accident are not sufficiently disclosed to warrant any inference upon the question of care or negligence.   There was an interval of thirteen years between the time of the occurrence and the trial.   None of the persons in the horse-car or in the other carriage, both of which were passing at the time in the opposite direction, were produced to testify.   The injured party died soon afterwards, so that his account of the matter could not be had.   Of the two persons who were with him, one is said to be dead, and the other " out West," and his testimony was not obtained.   The only witness called, who was able to testify to any part of the occurrence from having seen it, testified that his " attention was drawn by the crash."   Of course, whatever there was of care or negligence must have preceded the first observation of the witness.

Whether this absence of evidence results from fault, or is only the misfortune of the plaintiff, is immaterial to the decision of the question of law.   Without evidence from which due care could properly be inferred as a fact, the burden of proving that fact being upon her, the plaintiff was not entitled to a verdict.

The circumstances which do appear are equally consistent with either negligence or care in the manner of driving at the time of the accident.   None of them are such as to indicate care or exclude negligence sufficiently to warrant the inference that due care was in fact exercised.   In this state of the evidence, the verdict must necessarily be for the defendant.   *Smith* v. *First National Bank in Westfield*, 99 Mass. 605.

The defect was an open ditch, which had existed for " some months, perhaps a year," in the side of a way with which the plaintiff's intestate was familiar ; he having occasion to drive over it constantly in the prosecution of his business as a baker, and having his place of business on the same street, and his house not far from it. The occurrence was in the daytime. The course of the track of his wagon wheel did not indicate the operation of any sudden emergency which might prevent his observing, for the moment, his position and that of the ditch. Even if the other carriage was upon the wrong side of the street, or upon the wrong side of the railroad track, as is contended, although not so appearing in the exceptions, that circumstance would not present any difficulty to a careful and experienced driver. We look in vain for any fact in the case to account for the accident in any manner which would exclude the idea of negligence on the part of the person injured.

The testimony offered that the horse was a safe and proper one was competent as evidence upon the issue, if there had been any evidence that the driver was using proper care at the time of the accident. But it did not meet the whole issue, and was excluded, we presume, for that reason, and not on the ground that it was incompetent in itself. *Hobart* v. *Plymouth*, 100 Mass. 159.

*Exceptions overruled.*