38 279
92 331
92 700

## PATTERSON v. THE B. & M. R. R. Co.

**Railroads:** CONTRIBUTORY NEGLIGENCE: BURDEN OF PROOF. In an action against a railroad company for causing the death of a person by its negligence, the plaintiff must show affirmatively that the decedent was not guilty of negligence contributing to his death.

*Appeal from Des Moines District Court.*

WEDNESDAY, APRIL 29.

THE petition alleges that Peter Lank, while exercising ordinary care, was, by the negligence of defendant, run down and killed by a locomotive on its road. For the injury occasioned the estate plaintiff claims $10,000. Jury trial; verdict and judgment for plaintiff for $6,250. Defendant appeals.

*D. Rorer*, for appellant.

*Samuel K. Tracy* and *M. D. Browning*, for appellee.

DAY, J.—Defendant asked the court to instruct the jury: "That to enable plaintiff to recover, the plaintiff must prove to the satisfaction of the jury, or else it must otherwise appear in the evidence to the satisfaction of the jury, that deceased came to his death by negligence of the defendant whilst he, the deceased, was observing ordinary care on his part to avoid injury, or did not, by his own negligence, contribute to the injury."

The court refused this instruction, and defendant excepted, and assigned the ruling as error.

The seventh instruction given by the court ends with the following sentence: "If you find that the deceased, by his own negligence or want of proper care, caused or contributed to his death, then the plaintiff in this action cannot recover."

The eighth instruction, after setting forth the circumstances under which plaintiff might recover, closes as follows: "Unless you should also find from the evidence that the deceased, at the time of the accident, by his own carelessness

or want of proper care or caution, caused or contributed to his death."

The ninth instruction concludes as follows: "And if the evidence of the case fails to show that the deceased, at the time of the accident contributed to his death by his own negligence, or want of proper care, then plaintiff will be entitled to recover." The difference between the instructions given, and that asked, is apparent at a glance. Under the instruction asked, the plaintiff must show, unless it otherwise appear in the evidence, that the deceased did not, by his own negligence, contribute to his injury. Under the instructions given, the plaintiff may recover, if the evidence fails to show that the deceased did contribute to the injury.

In one case the burden of proof is upon the plaintiff. In the other, upon the defendant. Under the instructions given RAILROADS: the exercise of ordinary care is presumed. The contributory negligence: want of it must be proved as defense. We are burden of proof. aware that many courts recognize the rule given by the court below. See Shearman & Redfield on Negligence, § 43, and cases cited. But the rule contained in the instruction asked, has long been followed in this State. See *Donaldson v. The M. & M. R'y Co.*, 18 Iowa, 280, (289); *Greenleaf v. Illinois Central R'y Co.*, 29 Iowa, 14, (46); *Baird v. Morford*, 29 Iowa, 531, (536); *Reynolds v. Hindman*, 32 Iowa, 146, (149); *Muldowney v. The Illinois Central R'y Co.*, 32 Iowa, 176, (178).

The court erred in giving the instructions above alluded to, and in refusing to give that asked by the defendant. We discover no other material error in the case.

For the error above considered the cause must be

REVERSED.