### FRED MANNING v. THE STATE.

#### No. 1678. Decided April 3, 1912.

**Carrying Pistol—Plea of Not Guilty—Charge of Court.**

Where, upon trial of unlawfully carrying a pistol, the defendant pleaded not guilty before a jury, and the court instructed the jury to find the defendant guilty, the same was reversible error, as the question of the defendant's punishment was one for the jury.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $200 and one year confinement in the county jail.

The opinion states the case.

*J. Vance Lewis,* for appellant.—Cited Fretwell v. State, 52 Texas Crim. Rep., 499; Brooks v. State, id., 417; Cruz v. State, 76 S. W. Rep., 435; West v. State, 21 Texas Crim. App., 427.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of carrying on and about his person a pistol, his punishment being assessed at a fine of $200 and twelve months imprisonment in the county jail.

A bill of exceptions recites that defendant entered a plea of not guilty to the charge of unlawfully carrying a pistol as set out in the indictment. The evidence adduced stated in the bill was: That the defendant was found on the night of the 31st day of December, 1910, about 11:15 o'clock on the gallery of Williams' store in the third ward of the city of Houston, Harris County, with a pistol in his hand and a box of cartridges in front of him on the gallery by mounted police officers McDonald and Cain. The testimony of the defendant was that he did have the pistol in his hand and that he

had just borrowed it for the purpose of firing it off at 12 o'clock at night on the 31st day of December, 1910, so as to give an expression of his joy of the passing of the old year and the coming of the new year, and that he had just bought the cartridges inside the store and did not have his pistol loaded or concealed upon or about his person, and had never concealed or attempted to conceal it. Whereupon the court after hearing the above evidence was of the opinion that defendant was guilty as charged in the indictment, and the court thereupon, over the objection of the defendant, charged the jury to find the defendant guilty as charged in the indictment and assess his punishment as required by law; and the jury in accordance and compliance with the instructions of the court did find defendant guilty and assessed his punishment at a fine of two hundred dollars and confinement in the county jail for a period of one year. This bill of exceptions is signed by the judge without qualification or modification.

The judgment of the court recites that appellant pleaded not guilty to the charge contained in the indictment, and further, that F. F. Fleming and five others were empaneled and sworn, etc. In other words, the judgment recites the case was tried by a properly empaneled jury under the plea of not guilty. Under this state of case the judge is not authorized to instruct the jury to find a defendant guilty. The only facts we have before us are those recited in the bill of exceptions. Under our law the jury passes on the punishment, and the Constitution confides to that body the right to try and determine the case and assess the punishment. The court had no right or authority, under the plea of not guilty, to instruct the jury to return a verdict of guilty.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*