## DICK· VINSON v. THE STATE.

### No. 3719. Decided October 20, 1915.

**1.—Assault to Murder—Assignment of Error—Charge of Court.**

Where, on the trial of a case, no especial charges were requested, and no exceptions reserved to the charge of the court, and besides no attempt was made to point out any error in the charge of the court in defendant's motion for new trial, but he only objected thereto in the assignments of error, filed after the court had adjourned, the same can not be considered on appeal.

**2.—Same—Rule Stated—Motion for New Trial—Fundamental Error.**

It is the rule in this State in all the appellate courts now, that all grounds relied on to present error, must be contained in the motion for new trial, filed in the court below, and under the rules adopted by the Supreme Court, which govern all the courts in the State, all errors not directly specified in the motion for new trial shall be waived, unless the error is fundamental

**3.—Same—Charge of Court—Objections Thereto.**

Objections to the charge of the court must be submitted by counsel in writing before the same is read to the jury, and if counsel does not think the charge fully and correctly presents the law, under all the issues raised by the evidence, it is the duty of counsel, at that time, to direct the attention of the court, in writing, to such error of omission or commission. Following Ross v. State, 75 Texas Crim. Rep., 59.

**4.—Same—Assignments of Error—Motion for New Trial.**

Assignments of error filed in vacation have no place in the transcript in a criminal case; the motion for a new trial is what this court looks to, and that alone. Following Harvey v. State, 57 Texas Crim. Rep., 7, and other cases.

**5.—Same—Sufficiency of the Evidence.**

Where, upon a conviction of assault to murder, the evidence sustained the conviction, there was no reversible error.

**6.—Same—Evidence—Bill of Exceptions.**

As the witness had made it plain in his testimony that he had never stated who cut the injured party, before testifying on this trial, the fact he had never been called on to swear in regard thereto would be wholly immaterial. Besides, the bill of exceptions was defective.

**7.—Same—Evidence—Rebuttal—Recalling Witness.**

Where defendant complained of the recall of the prosecuting witness to testify that on the night he was cut, he wore a pair of blue pants, etc., and that he had a lantern in his hand, etc., but this was in rebuttal of the testimony of defendant's witness, there was no error.

**8.—Same—Charge of Court—Article 743—Practice on Appeal.**

Where, upon trial of assault with intent to murder, defendant, contended that another made the assault, but did not object to the court's charge at the proper time, and did not present the issue as contended for by him on the trial of the case, he can not complain of the court's charge on said issue, in an assignment of error filed in vacation, after the adjournment of court, and there was no error under article 743, Code of Criminal Procedure.

Appeal from the District Court of Grayson. Tried below before the Hon. M. H. Garnett.

Appeal from a conviction of assault to murder; penalty, two years confinement in the penitentiary.

The opinion states the case.

*H. P. Abney, B. W. Cornelius,* and *Head, Dillard, Smith, Maxey & Head,* for appellant.—On question of court's charge not properly submitting the issue of fact that another committed the assault: Williams v. State, 42 Texas, 392; McAlister v. State, 45 Texas Crim. Rep., 258; James v. State, 163 S. W. Rep., 51; Drummond v. State, 158 S. W. Rep., 549; Clark v. State, 29 S. W. Rep., 382.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of defective bill of exceptions: Edgar v. State, 127 S. W. Rep., 1067; Branch's Crim. Law, sec. 46.

On question of objections to court's charge: Ross v. State, 170 S. W. Rep., 305.

HARPER, JUDGE.—Appellant was convicted of assault to murder and his punishment assessed at two years confinement in the State penitentiary.

The term of court at which appellant was tried adjourned on the 15th day of May, 1915. Two months thereafter, July 15, 1915, in vacation, appellant filed what is termed "assignments of error" and in which he complains of the charge of the court as given, for the first time. On the trial of the case no special charges were requested, and no exception reserved to the charge of the court. In the motion for a new trial there is no attempt made to point out any error in the charge, but in the "assignments of error" filed after the court had adjourned, several paragraphs of the charge are alleged to be erroneous and the brief filed in this cause by able counsel deals almost exclusively with what they claim in the assignments of error to be errors in the charge of the court, but which were not complained of in the motion for a new trial. Why is a motion for a new trial required to be filed? It is to enable the trial court to correct his own errors, if errors there be, in the trial of the case, and it is not fair to the trial court to seek to present error in the record to this court to which his attention was not called. It is the rule in this State in all the appellate courts now that all grounds relied on to present error must be contained in the motion for a new trial filed in the court below. The rules adopted by the

Supreme Court now provide: "All errors not directly specified in the motion for a new trial shall be waived." Rule 101a. The Constitution and laws of this State authorize the Supreme Court to adopt rules for the government of all the courts in this State, and such rules govern when not in conflict with some statutory provision. Of course, it is provided that fundamental error may be presented at any time. But in the brief no fundamental error in the proceedings is pointed out. The indictment charges the offense of which appellant was convicted; the charge of the court submits this offense to the jury, and while it may not have submitted all the issues made by the testimony in a manner entirely satisfactory to appellant at this time, apparently it did so at the time of the trial, for no complaint was then made, and no special charges were requested. In Ross. v. State, 75 Texas Crim. Rep., 59, we had occasion to review the decisions of our appellate courts since the Legislature has seen proper to provide that the charge of the court must be submitted to counsel before being read to the jury, and if counsel object to any portion thereof, or do not think it presents any issue fully or correctly, or does not present all the issues raised by the evidence, it shall be the duty of counsel to at that time, in writing, direct the attention of the court to such error of omission or commission. This rule the Legislature had the right to prescribe, and if it is thought not to be in the interest of justice, application should be made to the Legislature to change it, not expect the appellate courts to ignore or emasculate this legislative provision. Assignments of error, filed in vacation, have no place in a transcript in a criminal case. The motion for a new trial is what we look to and that alone. Harvey v. State, 57 Texas Crim. Rep., 7; Jones v. State, 55 Texas Crim. Rep., 207; Veas v. State, 55 Texas Crim. Rep., 125; Sue v. State, 52 Texas Crim. Rep., 122. In Sue v. State, this court said: "We wish to again repeat what we have frequently said, that it is a useless consumption of paper and an unnecessary incumbrance of the record to put an assignment of errors in a record sent to this court. Article 723 of the Code of Criminal Procedure limits our consideration to assignments in the motion for a new trial and to bills of exceptions. We can not take cognizance of any assignment of errors that is not thus placed in the record. Therefore, we again urge the bar of Texas not to incumber the records sent to this court with any more assignments of error. No complaint of the charge of the court, or ruling of the court, can be considered by us, unless said complaint is embodied either in a motion for a new trial or in a bill of exceptions."

Thus it is seen we must and can consider only such matters as are complained of in the motion for a new trial and bills of exceptions filed in the court below. In the motion for a new trial the first complaint is: "The court erred in its charge to the jury." That is all of the ground; no error is attempted to be pointed out to the trial court, and under all the decisions of this court, the Supreme Court and the Court of Civil Appeals, this is too general an allegation to receive

consideration. The rules also provide that such an assignment shall not be considered.

The next three grounds assert that the evidence is insufficient to sustain the verdict. The evidence offered in behalf of the State would show, if believed, that appellant in the night-time, slipped up behind H. C. Nelms and inflicted an almost fatal wound. Without going into details, we hold the State's evidence fully supports the verdict, and would sustain a much more severe penalty than was assessed.

The only other ground in the motion for a new trial alleges "the court erred in the admission of evidence upon the trial hereof, to which appellant at the time duly excepted, as is shown by the several bills of exceptions filed herein and constituting a part of the record." To say the least, this is a rather general assignment, for no bills of exception had been filed at that time and the two found in the record were not filed until some six weeks after the motion for new trial had been overruled and court had adjourned for the term. One of them refers to testimony excluded, and not to testimony admitted on the trial. On the trial of this case Meek testified that he, and not appellant, was the person who cut Nelms. On cross-examination he·was asked if this was not the first time he had so testified, and he answered that it was; he was asked if he was not a witness before the grand jury, and he answered that he was, and said that he was not asked about whether or not he cut Nelms; that he did not at that time say anything about it, as he did not desire to incriminate himself. On redirect examination he was asked if he had ever before this time, on oath, testified about who cut Nelms. As the witness had made it plain in his testimony that he had never stated who cut Nelms before testifying on this trial, the fact he had never before been called on to swear in regard thereto would be wholly immaterial.

The only other bill of exceptions in the record claims the court erred in permitting H. C. Nelms to be recalled as a witness and testify that on the night he was cut he "wore a pair of blue pants and corduroy vest." Meek, the witness who on this trial claimed he was the man who cut Nelms, testified: 'I do not know what kind of clothes he had on. I do not know what kind of coat. He had on dark clothes; I do not know whether they were black or not. Don't know whether he had a lantern in his hand or not." In rebuttal of this testimony it was permissible to allow Nelms to testify that he had a lantern in his hand, and state he had on no coat and was dressed in a pair of blue pants and a corduroy vest.

As before said, the court's charge may not have been framed to present all the issues, as appellant, after adjournment, has concluded he would like to have had them presented. On the trial of the case he seemed to have contended that if Meek cut Nelms he should be acquitted, and the court instructed the jury:

"If you should believe from the evidence that there was a sudden fuss between the train crew of which H. C. Nelms was a party and certain persons at Whitesboro on the occasion in question and that

there was no previous understanding or agreement between the defendant and Bill Meek to engage in such fuss with the train crew, and that during the difficulty Bill Meek cut the said Nelms with a knife, or if you have a reasonable doubt as to this matter, you should find the defendant not guilty."

This seems to have presented the issue as contended for on the trial of the case; and article 743 was amended for the specific purpose of preventing a different contention being made after the trial of that made on the trial. If appellant could now, at this late day, complain of the charge, we are frank to say that the court should have instructed the jury that if Nelms struck Meek with a pick and it reasonably appeared to appellant that Meek's life was in danger or it appeared to him that Meek was in danger of suffering serious bodily injury at the hands of Nelms, he would have the right to use all necessary force to prevent such an assault. But appellant made no such contention at the time of the trial. His whole theory, then, was, that he did not cut Nelms, that Meek did cut him under circumstances for which he could in no way be held responsible, and this contention was submitted to the jury in a way that was satisfactory to appellant and his counsel at that time.

The judgment is affirmed.

*Affirmed.*