. E. G. Harlin v. The State.

No. 9076.    Delivered May 13, 1925.

1.—Swindling—Evidence—No Variance.

Where a worthless check was given, the maker having no funds in the bank to pay same, said check being payable to the O. K. Restaurant, but delivered to and cashed by Mrs. Whitmire, wife of the proprietor of the restaurant, there was no variance.

2.—Same—Evidence—Flight of Accused—Admissible.

Where the evidence disclosed that the accused left the county where the offense was committed immediately, it was not error to admit the testimony of the officer who arrested him in another county to the effect that when arrested he was going under an assumed name.

Appeal from the County Court of Hill County.    Tried below before the Hon. W. L. Wray, Judge.

Appeal from a conviction for misdemeanor swindling; penalty, a fine of five dollars and forty days confinement in the county jail.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for misdemeanor swindling. Punishment is by fine of five dollars, and forty days confinement in jail.

It is alleged that defendant obtained from Mrs. J. H. Whitmire two dozen oysters of the value of seventy cents and $4.30 in money by executing and delivering to her a check for five dollars payable to ''O. K. Restaurant or bearer,'' signed by defendant and drawn on ''The Farmers National Bank,'' and that defendant had no funds in the bank to pay the check, and had no good reason to

believe the check would be paid when presented in the ordinary course of business.

The facts show that defendant went into the O. K. Restaurant owned by Mrs. Whitmire's husband, ordered two dozen oysters, executed the check in question, delivered it to Mrs. Whitmire, and received in money $4.30. He has no funds in the bank and the check was returned unpaid. He claimed that he had information that funds would be in the bank to his credit sufficient to cover the check. The court submitted this issue but the jury found against him on it.

There was no error in permitting the check to be introduced in evidence, nor to receiving the evidence of Mrs. Whitmire that defendant executed and delivered to her the check in question. There was no variance. The check was payable to the ''O. K. Restaurant or bearer,'' and the information alleged that it was delivered to Mrs. Whitmire, and upon the faith of the check the money and property were parted with. There is no allegation that the check was payable to Mrs. Whitmire, but only that it was delivered to her. The check is set out in the information.

We observe no impropriety in permitting the officer to testify that when defendant was arrested in another county he was going under an assumed name. The evidence showed that he left the county where the offense was committed immediately, and the testimony of the officer was pertinent upon the defendant's claim that the check was given in good faith based on the belief that he had funds in the bank.

The judgment is affirmed.

*Affirmed.*