## H. Nichols v. The State

No. 19906. Delivered November 9, 1938.
On the Merits January 11, 1939.

The opinion states the case.

*R. E. Rodgers,* of Hamlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for swindling; punishment is assessed at confinement in the county jail for thirty days.

An examination of the record fails to show that notice of appeal was given as required by law. Such is necessary to give this court jurisdiction. See Branch's Annotated Penal Code, Sec. 588, p. 302 and cases there cited.

The appeal is therefore dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON THE MERITS.

KRUEGER, JUDGE.—On a former day we dismissed the appeal in the case because of a defective record. The record has been perfected and the case will now be considered by us on its merits.

It was charged in the information, omitting the formal parts, that:

" * * * On or about the 6th, day of November, A. D., 1935, one H. Nichols did then and there unlawfully, and with intent to defraud, acquire property same being one 2-year cream colored jersey heifer of the value of Twenty-four and 05/100 (24.05) Dollars, the same then and there being the personal property of T. L. Gleason with the further intent to appropriate the same when so acquired to the use of him the aforesaid defendant, and the said property was so obtained from said owner by the said H. Nichols by the means of drawing and giving a certain check of the tenor following:

" '88-430
" 'Hamlin, Texas, 11-6-1935
" 'FARMERS AND MERCHANTS NATIONAL BANK
(Solid as a Rock)
" 'Pay to the order of T. L. Gleason, $24.05
Twenty Fourth 5/100_____Dollars

" 'H. Nichols'

"and which check was then and there so drawn and given by the said H. Nichols, and the said H. Nichols, did then and there deliver said check to said owner in exchange for said property which was then and there delivered to the said H. Nichols, by said owner, and said owner did then and there part with the title and possession of said property to the said H. Nichols in consideration of the said delivery of said check, and the said owner then and there believed that said check was good and then and there relied on the payment of same; when in truth and in fact the said H. Nichols at the time of the drawing and giving said check did not have on deposit in said bank sufficient funds to pay said check, and the said H. Nichols then and there had no good reason to believe that said check would

be paid by said bank when the same should be, in the ordinary course of business, presented to said bank for payment; and said check was in the course of business presented to said bank, and payment of said check was refused by said bank for want of sufficient funds of the said H. Nichols the maker and drawer of said check, and more than fifteen days have elapsed since presentation was made, and the maker still fails and refuses to make said check good, etc."

The proof shows that on or about the 6th day of November, 1935, the appellant and L. F. Gleason, the father of T. L. Gleason, met in the town of Hamlin; that appellant told Gleason that he desired to buy a cow or yearling fat enough for beef. Mr. L. F. Gleason advised appellant that his son, T. L. Gleason, had a two-year-old heifer in his pasture which he desired to sell. The two got in appellant's car and went to the farm of the elder Gleason where appellant inspected and purchased the heifer which belonged to the son, T. L. Gleason. The animal was butchered and placed in appellant's car, and appellant gave Mr. Gleason a check for $24.05, made payable to T. L. Gleason, the son. The agreed purchase price was $25.00, but the elder Gleason purchased ninety-five cents worth of the beef from appellant. Upon presentment at the bank, payment was declined, it having been some time since appellant had had any funds therein. The check was never paid.

Appellant takes the position that there is a variance between the proof and the allegations in the information in that it is charged in the information that he delivered the check to the owner, who was T. L. Gleason, and obtained possession of the heifer from him, while the proof shows that he delivered it to L. F. Gleason and obtained possession of the animal from him.

The uncontroverted evidence shows that the appellant had no conversation whatsoever with the son, T. L. Gleason, who was the real owner of the animal, but that the trade for it was made with L. F. Gleason, the father, who was not even mentioned in the information. The check was given to L. F. Gleason but only in the capacity as agent to give it to his son. In our opinion this variance was material. It is a well-recognized rule of criminal pleading that everything that is necessary to be proved should be alleged in the indictment or information. The State should not charge one state of facts and prove another.

It occurs to us that in order to obviate a variance between pleading and proof it would be a simple matter to charge the facts as they existed. That is that F. L. Gleason acted as agent for T. L. Gleason, which fact was well known to appellant, and that the check was made payable to T. L. Gleason, but delivered

to his agent, F. L. Gleason. This seems to be in conformity with the rule announced in the case of Harlin v. State, 100 Tex. Crim. Rep., 156.

In other words, we believe that appellant was entitled to know the exact nature of the accusation against him so that he might know what the State would attempt to prove and what he would be required to meet upon the trial.

It is unnecessary to consider any of the other matters complained of as they probably will not arise on another trial.

For the error pointed out, the judgment is reversed and the cause remanded for another trial.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.