JACK KIRKSEY V. THE STATE.

No. 20083.   Delivered January 25, 1939.

The opinion states the case.

*Percy Foreman,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for negligent homicide of the first degree, punishment assessed being one year's imprisonment in the county jail.

The first count of the information charge negligent homicide in the first degree, alleging substantially that appellant was engaged in the performance of a lawful act, to-wit: operating a motor vehicle on a designated highway in Harris County, Texas, and that he was negligent and careless in the operation of said

vehicle, thereby causing it to collide with and strike another car in which deceased was a passenger, causing the death of deceased. The particular acts of negligence and carelessness in operating said car were alleged, followed by averments that there was no intention on the part of appellant to kill deceased, but that there was apparent danger of doing so.

The second count of the information alleged negligent homicide of the second degree but upon motion of appellant this count was quashed and the case went to the jury on the first count of the information only.

Article 1230 P. C. provides that negligent homicide is of two kinds, one which happens in the performance of a lawful act and that which occurs in the performance of an unlawful act. Art. 1237 P. C. fixes the punishment for negligent homicide of the first degree by confinement in jail not exceeding one year *or* by fine not exceeding one thousand dollars. Article 1240 P. C. gives as one definition of the unlawful acts mentioned as such acts, "not being penal offenses, as would give just occasion for a civil action," and the punishment prescribed by Article 1243 under such circumstances is by fine not exceeding one thousand dollars *and* by imprisonment in jail not exceeding one year.

It is appellant's contention that the negligent acts alleged in the first count would give "just occasion for a civil action," and therefore, that the grade of the offense becomes negligent homicide of the second degree and the penalty assessed by the jury was not authorized because it required the punishment to be by both fine and imprisonment.

The very contention here made by appellant was settled adversely to him in Simmons v. State, 109 Tex. Cr. R. 157, 3 S. W. (2d) 449, in which the precise question now urged was discussed both in the original opinion and in the opinion on rehearing. The lawful act appellant was charged with performing was driving an automobile upon the public highway. Per se it would give no occasion for civil action, and the case mentioned draws this distinction, which is supported by the several cases cited in support of the opinion in the Simmons case.

The judgment is affirmed.