## STERLING v. TEXAS & N. O. R. CO.

### No. 11120.

Court of Civil Appeals of Texas. Galveston.

Feb. 20, 1941.

Rehearing Denied March 13, 1941.

W. Gordon Vaughan, of Houston, for appellant.

Baker, Botts, Andrews & Wharton, of Houston (J. C. Hutcheson, III, of Houston, of counsel), for appellee.

CODY, Justice.

This action was brought by Odessa Sterling as the widow of Joe Sterling to recover damages resulting from his death which was caused by being run over by a train on appellee's track within the City of Houston, at about 4 o'clock in the morning of July 26, 1936. At the conclusion of plaintiff's proof the Court, upon defendant's motion, instructed the verdict in defendant's favor,

and the plaintiff has become appellant in this Court.

◼ There were no eyewitnesses to the accident. At the point where it occurred, appellee's track runs east and west. Appellant and her deceased husband lived south of and near this track. At or about 4 o'clock in the morning of the day on which the accident occurred, the deceased left the home of a sick friend with whom he had been sitting up which friend's home was situated some block and a half distant from where the accident occurred, and on the north side of the track. Shortly after 4 o'clock A. M. the deceased was found on appellee's track near where a pathway crosses over it which had been customarily used by the public for 20 years. He was conscious when found, and asked that his mother and wife be notified of his injuries, and told where they might be found. He stated that he had been run over by a train and that he knew he was going to die. He died shortly thereafter, and without making any further statement. In view of the instructed verdict appellant is entitled to have the benefit of the most favorable construction that the evidence will bear. With this rule in mind, it becomes unnecessary to state at length the evidence which appellant relied upon. We will infer from the evidence that the train which ran over the deceased was being operated at a greater rate of speed within the limits of a city than the maximum allowed by law; and that it was being operated without the bell being rung or the whistle being blown for the streets which it crossed as it moved along appellee's track; also, that neither the engineer nor fireman saw the deceased, and that no warning signals were given for the benefit of deceased; also, that the accident occurred within ten minutes from the time the deceased departed from his friend's home.

◼ Appellant does not contend, at least not eo nomine, that the doctrine of res ipsa loquitur applies in this case. That being true, no causal connection between the negligent operation of appellee's train and the injuries to the deceased can be supplied by presumption or inference. "In cases of this character, the burden of proof is upon the plaintiff, not only to establish the negligence as pleaded, but also the burden is upon the plaintiff to establish causal connection between that negligence and the injury or death. Causal connection can no more be presumed than the negligence

itself." Houston, E. & W. T. Ry. Co. v. McHowell, Tex.Civ.App., 278 S.W. 258, 261. The case just cited was decided upon the authority of such cases as Texas & N. O. R. Co. v. Crowder, 63 Tex. 502, in which the rule here applicable was recognized in this language: "'While, however, the plaintiff is to show that he was in the exercise of due care, and that no negligence of his contributed to the injury, this may be shown by proving facts and circumstances from which it may fairly be inferred, and if all the circumstances under which an accident took place are put in evidence, and upon an examination of them nothing is found in the conduct of the plaintiff to which negligence can fairly be imputed, the mere absence of fault may justify the jury in finding due care on his part. Mayo v. Boston & Maine Railroad, 104 Mass. 137. But, if there is only a partial disclosure of the facts, and no evidence is offered showing the conduct of the party injured in regard to matters specially requiring care on his part, the data for such an inference is not sufficient. It can only be warranted when circumstances are shown which fairly indicate care or exclude the idea of negligence on his part. Crafts v. Boston, 109 Mass. 519.'

"That this action is prosecuted by a relation of the deceased does not change the rule. Murphy v. [Chicago, R. I. & P.] R. R. Co., 45 Iowa 661; Patterson v. [Burlington & M.] R. R. Co., 38 Iowa 279; Corcoran v. [Boston & A.] R. R. Co., 133 Mass. 507."

The Court then went on to state: "As this case is presented, to assume that there is sufficient evidence to establish that the injury was caused by the negligence of the appellant, we would have to rely solely upon the fact that the part of the track where the deceased was found may not have been in good order, when, if this be admitted, it is but a fact which may not in the slightest degree have caused the injury. That may have resulted solely from some negligent act of the deceased. What he was doing or attempting to do does not appear. Whether he went on the track in the discharge of his duties without knowledge of the defective condition of the track, or attempted to perform some act not prudent while the train was in motion, or fell from the train through want of due care, the evidence does not show." The rule in the Crowder case has been consistently followed. Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049; Campos v. St.

888

Louis, B. & M. R. Co., Tex.Civ.App., 43 S. W.2d 487; Kelley v. Burlington-Rock Island R. Co., Tex.Civ.App., 100 S.W.2d 164; Chandler v. Texas & N. O. R. Co., Tex.Civ.App., 103 S.W.2d 811; Webester v. Henwood, Trustee, Tex.Civ.App., 134 S. W.2d 333, 334. In the last-cited case, Judge Alexander applied the rule in this language: "For the sake of the discussion, it may be assumed that the evidence was sufficient to have justified an inference that Webester was struck by defendant's switch engine, and that the employees in charge thereof were negligent in failing to sound the whistle or ring the bell, but we are left wholly in the dark as to how the accident occurred. There was no evidence whatever that such negligence, if any, on the part of the defendant was the proximate cause of the accident. The burden was on the plaintiff to not only prove the negligence of the defendant, but that such negligence was the proximate cause of the injury, for there is no presumption that the negligence proven was the proximate cause of the injury."

The negligent operation of the train might indeed have been the proximate cause of the injuries, but there is no proof that this is so, and "there is no presumption that the negligence proven was the proximate cause of the injury." Webester case, supra.

There being no error, the judgment will be affirmed. It is so ordered.

Affirmed.