## L. D. MAY V. THE STATE.

No. 22346. Delivered January 20, 1943.
State's Motion for Rehearing Granted April 28, 1943.
Appellant's Motion for Rehearing Denied June 2, 1943.
Appellant's Request for Leave to File Second Motion for Rehearing.
Denied (Without Written Opinion) June 9, 1943.

116

 -

BEAUCHAMP, Judge, dissenting on motion for rehearing.

The opinion states the case.

*R. Temple Dickson* and *Carl M. Anderson,* both of Sweetwater, for appelalnt.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was sentenced to the penitentiary for three years on a charge that he failed to stop and render aid to Cecil Beasley, Jr., whom he struck and injured while driving an automobile on the streets of Colorado City on the 11th day of November, 1941.

The conviction was had under the first count of the indictment which, after alleging the collision, reads: "* * * * * the said L. D. May did then and there unlawfully fail to stop and render to the said Cecil Beezley, Jr., the person struck and injured aforesaid, all necessary assistance in this, the said L. D. May did then and there fail to stop and to carry the said Cecil Beezley to a physician and surgeon for medical and surgical treatment * * * * * ."

Appellant timely filed a motion to quash the indictment on the ground that the words "physician and surgeon" are connected by the conjunctive conjunction "and" instead of the disjunctive "or," as appears in the statute. No uncertainty is cre-

ated by the use of "and" instead of "or" in this case and the authorities relied upon do not apply. See Branch's Penal Code, page 556, Sec. 967.

The State's evidence, largely circumstantial, was sufficient to show that appellant was the party who was responsible for the accident resulting in the death of the Beasley child. His extrajudicial confession, his admissions in court, and his testimony on the witness stand conclusively show this. The accident occurred at night time. Appellant and two companions had been attending a carnival and all had engaged in drinking during the afternoon or night. Apparently they were leaving the city when they overtook two boys on bicycles and collided with one of them. He did not stop to render aid and no one was able to identify the car which he was driving as being the one ininvolved. In a very few minutes, a lady picked up the child and took him to the hospital but he was dead when they arrived. After the State had introduced its evidence resulting from the investigation which followed, appellant took the witness stand and testified that his two companions were drunk, that he was unable to stop because of that fact. He drove around a few blocks, had some kind of collision with another car and finally left his companions on a corner while he went to the scene of the tragedy "to see about the wreck." He says that when he got to the scene of the accident, somebody was carrying the boy off. He does not say how long it was after the collision until his return to the scene of the accident but he was not gone over three or four minutes from the time he left the two drunks until he returned to them. When he got to the place of the accident, he saw a number of people there. He did not report his presence to anybody or let it be known that he was the one who had the collision. He made no offer of any assistance whatsoever and no other witness testified to having seen him at the place.

It is the contention on appeal that the foregoing testimony of the return of the accused to the scene of the accident and his testimony that he could not stop because he had the two drunk people raised excusable issues which, if found by the jury to be correct, called for a verdict of not guilty. Reliance is had upon Woods v. State, 121 S. W. (2d) 604. In that case, Woods, who was traveling on the streets of a city, had a lady with him in the car who was injured while he himself had an injury requiring medical attention. He gave as his excuse for not stopping that it was necessary to take her to a doctor as well as to secure treatment for himself. We held this to be a reasonable excuse under proper construction of the statute for his failure

to stop and render aid and said it should have been submitted to the jury under proper instructions. The opinion in the Woods case discussed Williams v. State 102 S. W. (2d) 212 and Greer v. State 300 S. W. 640, together with other cases cited in this appeal. We think that such holding was correct under the facts for the reasons stated in the several cases relied upon but we are unwilling to expand the rule so far as to say that one who is guilty of the crime charged may be excused because he had with him parties who were drunk and for whom he felt the duty to shield them from any probable trouble because of such fact. Neither do we think that his story of his return and his willingness to then render aid sufficient to comply with the law. He had committed the offense charged and, if he had the power thereafter to retrieve the wrong done, he fell far short of it in this case. Human life is not that cheap and no such construction could reasonably be. read into the statute for it would result in destroying the very laudable purpose of it and the protection which it gives. Appellant's contention cannot be sustained under the facts of the instant case.

A more serious question has arisen because of the court's charge wherein he submits the facts of the case to the jury and tells them that if the accused "failed to stop and render to the said Cecil Beasley, Jr., all necessary assistance, then you will find the defendant guilty * * * * *." This is not in accord with the words of the indictment, for "necessary assistance" is there limited to his failure to stop and "to carry the said Cecil Beezley, Jr., to a physician and surgeon" whereas it is submitted to the jury on a more expanded issue. By the language of the indictment, they could only consider his failure to take him to a physician for treatment. Under the court's charge, they were authorized to consider anything that might have been necessary assistance. The charge was erroneous under the holding of the court in Moore v. State, 145 S. W. (2d) 887. The reasoning in that opinion is relied upon and here referred to with approval.

In Gooden v. State 145 S. W. (2d) 177, this court had before it a very similar question in which the former holdings were summarized. While the facts were not the same, the reasoning in the Gooden case is applicable here. Gooden was charged with the offense of burglary by entering a house for the fraudulent purpose of taking therefrom corporeal personal property. In submitting the case to the jury, the court instructed them to find the defendant guilty if they found "that the entry was made with the intent to commit a felony or the crime of theft." We held that it submitted other offenses as the purpose for the

entry than that charged in the indictment. No exception was taken to the charge at the time but the conclusion was reached that the error was one which may be considered on appeal. This reasoning and the same holding will be followed in the instant case and for the error thus pointed out the judgment of the trial court will be reversed and the cause remanded. All complaints not herein discussed are concluded against the appellant.

ON MOTION FOR REHEARING.

GRAVES, Judge.

The State has filed a motion for a rehearing herein alleging we were in error in our original opinion wherein we held that the trial court erred in the charge to the jury wherein it authorized a conviction of the appellant provided the jury believed beyond a reasonable doubt that appellant failed to stop and render all necessary assistance to the stricken boy. The reason therefor being that the indictment charged the appellant with striking the boy and failing to stop and carry such boy to a physician and surgeon for medical assistance. It is noted here, however, that no objection or exception was leveled at the trial court's charge because of such paragraph, nor was any such error pointed out therein to the charge.

The original opinion relies upon the Moore case, 145 S. W. (2d) 887, and the Gooden case, 145 S. W. (2d) 177. We note, however, that in the Moore case a specific objection was directed to the paragraph of the charge that seemed to enlarge upon the allegations in the indictment, and the trial court failed to respond thereto. It is elemental, so we think, that the charge should correspond to the allegations found in the indictment supported by the facts, but we do not think such to be always fundamental. If the latter were true, it would not be necessary to have provided by statute that such error, if any, in the court's charge should be called to the trial court's attention by written exceptions thereto prior to same being read to the jury. An accused could file no objections to such charge at all, and rely wholly upon a review thereof by this court, whether or not the objectionable matters had been called to the trial court's attention as provided by statute, Art. 658, C. C. P.

In the event that an error has appeared in the charge, and that same has been properly called to the trial court's attention, then Art. 666, C. C. P. says that such cause "shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from

the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial."

Appellant himself testified that he struck something while driving on a lighted street, and that he broke his windshield in such collision; that he failed to stop because he had two drunken companions with him, and he drove off down the street, into a blind street, and when backing out thereof he struck another car. He claimed to have returned soon thereafterwards but the boy had been picked up by a lady and had died on the way to the hospital, appellant's own testimony thus making him guilty of the offense of failing to stop, regardless of any proffered aid. See Moore v. State, supra. Regardless of what further violation of this statute, and it has such within its bounds, his own testimony, as well as that of other witnesses, is sufficient to authorize the jury to convict, provided the presence of two drunken companions in the car with him at the time would not be sufficient legal excuse for his driving away from the scene of the collision and leaving the little boy to die unaided in the road. The testimony showed that the boy was beyond all earthly aid, with a crushed skull, and his ears exuding both blood and brains, and any failure to offer useless aid could have neither added to nor taken from the established fact of appellant's failure to stop.

The case of Gooden v. State, 145 S. W. (2d) 177, is not in point herein. In that case the accused was charged by indictment with the offense of burglary with intent to commit theft. The trial court, in his charge, went outside the allegations of the indictment and authorized the jury to convict if they believed that the entry of the house was made either to commit theft, *or any felony*, the felony portion of such charge not being included in the indictment. He might as well have charged the jury that the accused would have been guilty if he made such an entry with an intent to commit any one of the different offenses included in the Penal Code. It is not an offense per se to make an unlawful entry into any house; such entry should be made either for the purpose of committing theft or any felony. In the instant case, it is felony to strike any person with an automobile and fail to stop; it is also a felony, and found in the same statute, to fail to render necessary assistance after having stopped. The failure to render assistance is a further incident of a violation of the law, same having already been violated when one fails to stop.

The decision in the Gooden case, supra, was based upon the case of Williams v. State, 108 S. W. 371, which was decided prior to the passage of the above quoted article 666 C. C. P. Again, the difference between the Williams case, supra, and the Gooden case, supra, and the present case is that the allegation of an unlawful entry must be followed with an allegation relative to the intent with which the entry was made, and without such intent allegation no charge is set forth in the indictment. Not so in the present case. The allegation of an offense is complete when a failure to stop is set forth; and the failure to render aid is but another and further allegation of a method of violating such law. The failure to render aid is not a necessary allegation, and if descriptive at all of the offense, is merely a further and additional method of the violation of the. statute. We can eliminate the portion of the charge relative to rendering aid, and we still find the proof not only uncontradicted but admitted by the appellant that he failed to stop after having struck this boy.

Under the circumstances we do not think that the trial court committed such an error that was calculated to injure the rights of the appellant so that he was deprived of a fair and impartial trial. See Art. 666, C. C. P., and many annotations thereunder in Vernon's Ann. Code of Criminal Procedure, Vol. 2.

Thus believing, the State's motion for a rehearing is granted, the former opinion herein is set aside, and this judgment is now affirmed.

BEAUCHAMP, Judge (Dissenting).

I am not in accord with the opinion granting the State's motion for rehearing and affirming this case, because I believe that the authorities discussed in the original opinion are appropriate and controlling. If it was intended by the Legislature that Art. 666, C. C. P., should have the effect given to it by Judge Graves, I would not then consider the act constitutional. It is not within the power of the Legislature to say that this court shall not reverse a case where an individual has been plainly charged with one offense and tried for another, simply because it was not called to the attention of the trial court at a specific time. Such procedure would be in violation of the due process clause of the Constitution of the United States, and in considering the meaning of said article we must give consideration to this fact.

Neither do I believe that the conclusion reached in this case is in accord with the Moore case and the Gooden case, for it definitely overrules these two cases, and must be so understood. I believe the former holdings of the court on this subject to be sound and that we should follow them.

Therefore, I respectfully record my dissent.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant vigorously insists that the rule announced in the case of Gooden v. State, 145 S. W. (2d) 177, 140 Tex. Cr. R. 347, to the effect that a charge which permits an accused to be convicted for an offense not alleged in the indictment is fundamentally erroneous, is applicable and controlling here, and that we erred in reaching the contrary conclusion.

It must be remembered that, although appellant excepted at length to the court's charge, he did not reserve an exception thereto on the issue now insisted upon by him. Hence the question before us is not whether the charge as given was merely erroneous in the particular mentioned, but whether same was so erroneous that a valid judgment could not be predicated upon a jury's verdict rendered thereunder. Appellant's guilt was made to depend upon a finding by the jury that he failed to stop after the collision. The failure to render all necessary assistance to the injured party was dependent entirely upon a finding by the jury that he failed to stop.

All the facts, including appellant's admissions while testifying as a witness in his own behalf, show that he did not stop. Of course, appellant sought to justify his failure to stop; but, his excuse, or justification—which, we originally held, was ineffectual to accomplish that purpose—did not constitute a denial of the fact that he did not stop.

So, when the jury found that appellant did not stop, his guilt of the offense charged in the indictment was established. We are unable to bring ourselves to the conclusion that, although the jury, under the charge of the court, may have also found that appellant failed to render all necessary assistance to the injured party, this could have altered or changed his guilty status of the offense charged in the first instance, that is, of failing to stop.

In order for the rule announced in the Gooden case, supra, to be applicable to the instant case, the charge of the court would, of necessity, have to be given the construction that the the jury was authorized thereunder to find appellant guilty of failing to render all necessary assistance, that is, any assistance which the jury may have deemed necessary, without reference to whether he did or did not stop after the collision. The plain wording of the charge is susceptible of no such construction.

Further distinguishing the rule announced in the Gooden case, supra, attention is called to the fact that it is not a violation of the burglary statute— upon which the Gooden case was written—to merely break and enter a house; nor is that offense established by proof merely of a breaking and entry. The breaking and entry must be accomplished with an intent to commit the crime of theft or a felony. Such is not true of the instant prosecution, for here the offense was complete with the failure to stop.

We remain convinced that the charge was not fundamentally erroneous and adhere to the conclusions heretofore expressed.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.