**Wilfred Donvin PERKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 49394.

Court of Criminal Appeals of Texas.

Oct. 22, 1975.

Lavern D. Harris and Ronald R. Winfrey, Kerrville, for appellant.

Glendon Roberts, County Atty., Bandera, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

In a unitary trial before a jury, the appellant was convicted, under Article 1149 of our former Penal Code, of aggravated assault with a motor vehicle done "in the performance of an unlawful act . . . such as would give justification for civil action for damages." Punishment was assessed at $50.00 and ninety days, probated.

The record reflects that the complainant Cynthia Redman was riding a motorbike on Highway 16 near Bandera. She was passed by two cars and continued on her way, staying approximately five car lengths behind the second car. Presently, the first car, driven by appellant, pulled onto the shoulder of the road and was passed by the second car. As the complainant started to pass appellant's car, the appellant turned his car off the shoulder and across the highway directly into the path of the complainant, who crashed into the car.

In his fifth ground of error appellant contends that the court erred in failing to grant his objection to the court's charge. Specifically, appellant argues that the charge omitted an essential element of the State's case as alleged in the information.

The information alleges:

" . . . an aggravated assault with a motor vehicle upon the person of Cynthia

Redman; and the said Defendant did then and there drive and operate said motor vehicle, to-wit, an automobile, upon a public highway, to-wit, Highway 16 and did then and there commit an aggravated assault with said motor vehicle upon the person of said Cynthia Redman with negligence while being then and there in the performance of an unlawful act, to-wit, making an unlawful turn in said Highway when it was unsafe to do so, such as would give justification for civil action for damages, in that the said Defendant did then and there operate and drive said motor vehicle upon said Highway without then and there exercising proper care and caution in guiding said motor vehicle, that is, such a degree of care and caution in guiding said motor vehicle as a man of ordinary prudence would use under like circumstances, and Defendant did then and there cause said automobile to collide with and cause injury to the person of the said Cynthia Redman and cause injuries less than death to said Cynthia Redman who was then and there on said Highway."

Appellant contends that the main charge of the court failed to require that the jury find that the acts alleged were "such as would give justification for civil action for damages."

The record reflects that the main charge of the court contains no instruction on this issue.[1] The record also reflects that appellant presented for inclusion in the charge six timely requested instructions; all of these were granted by the court. However, these requested charges were not incorporated in the body of the main charge. In sustaining objections to the record, see Art. 40.09(7), Vernon's Ann.C.C.P., the trial court certified that the requested instructions "were attached to said Charge as a

part thereof." The record reflects that the court attached them in precisely the form in which they were presented.[2]

The appellant then presented four timely objections to the charge, three of which properly presented the contention now urged; all four objections were denied.

Article 36.15 of our Code of Criminal Procedure provides in part:

"Any special requested charge which is granted *shall be incorporated in the main charge* and shall be treated as a part thereof, *and the jury shall not be advised that it is a special requested charge of either party*." (Emphasis added)

In *Seefurth v. State*, 422 S.W.2d 931, 935 (Tex.Cr.App.1968), this Court held:

"These articles [Arts. 36.14 and 36.15, V.A.C.C.P.] are ones the Legislature had a right to enact, and are statutes which the Courts can neither ignore or emasculate. See *Vinson v. State*, 77 Tex.Cr.R. 546, 179 S.W. 574.

"These articles are mandatory and there must be strict compliance with their provisions." (Citations omitted)

■■■ We hold that Article 36.15 is mandatory in all respects; it follows that the trial court in this case erred by failing to incorporate the requested charges and, second, by advising the jury that the charges were the requested charges of the appellant. We also hold that the attachments cannot be considered on appeal as part of the court's charge. Art. 36.15, supra; compare *Harris v. State*, 453 S.W.2d 838, 839 (Tex.Cr.App.1970); *Booth v. State*, 499 S.W.2d 129, 135 (Tex.Cr.App.1973).

Therefore, we turn to an examination of the ground of error to determine whether the error was calculated to injure the rights of appellant so as to deprive him of a fair and impartial trial. Art. 36.19, V.A.C.C.P.

---

1. See note 7, infra.

2. The document containing the requested charges bore the style and number of the case and was titled, DEFENDANT'S SPECIAL REQUESTED CHARGES. It contained introductory and closing paragraphs urging that the requests be granted over the signature of appellant's counsel. It also contained the court's order on each of the charges over the signature of the trial judge.

Appellant was charged under Article 1149 of our former Penal Code. It provides:

"If any driver or operator of a motor vehicle or motorcycle shall wilfully or with negligence, as is defined in the Penal Code of this State in the title and chapter on negligent homicide, collide with or cause injury less than death to any other person he shall be held guilty of aggravated assault . . . ."

In the "title and chapter on negligent homicide" of our former Code (Title 15, Chapter 14), Article 1230 provides:

"Homicide by negligence is of two kinds:

1. Such as happens in the performance of a lawful act; and

2. That which occurs in the performance of an unlawful act."

Article 1231 defines "lawful acts" which constitute negligence for purposes of the chapter as follows:

"Whoever in the performance of a lawful act shall by negligence and carelessness cause the death of another is guilty of negligent homicide of the first degree. A lawful act is one not forbidden by the penal law and which would give no just occasion for a civil action."

Article 1240 then describes the two kinds of "unlawful acts" which can constitute negligence within the meaning of the chapter. The first are "[s]uch acts as by the penal law are called misdemeanors." The second are those acts, "not being penal offenses, as would give just occasion for a civil action." [3]

Since there was more than one possible statutory definition of negligence, it was necessary for the State to specify in the information which it would rely upon. Compare *Nichols v. State*, 136 Tex.Cr.R. 41, 44, 123 S.W.2d 672, 673 (1939); *Seiffert v. State*, 501 S.W.2d 124, 126 (Tex.Cr.App. 1973). The appellant was entitled to notice of the "exact nature of the accusation against him so that he might know what the state would attempt to prove and what he would be required to meet upon the trial." *Nichols v. State*, supra. This was especially true in this narrow area of statutorily-defined negligence of our former Code, with its close and difficult distinctions between "lawful" negligence on the one hand and "unlawful-civil action" negligence on the other.

These definitional problems can best be understood by comparing the information in this case with the lengthy information approved in *Kirksey v. State*, 136 Tex.Cr.R. 97, 123 S.W.2d 905 (1939), a negligent homicide case. [4]

A comparison of these two informations reflects that the factual averments which were held to allege negligence done by a lawful act in *Kirksey* were virtually identical to those used to allege the "unlawful" negligence in this case. If we omit the allegations in each information which describe the extent of the injury to the complainant, [5] it is obvious that the allegations of the two informations are interchangeable, *except* for the qualifying phrases which allege that the acts were lawful (in *Kirksey*) and that they were unlawful and would give justification for a civil action (in this case).

Thus, these qualifying phrases are obviously necessary to inform the defendant

---

**3.** Because of our disposition of this issue, we find it unnecessary to decide whether the enactment of Section 50A of Art. 6701d, V.A.C.S., impliedly repealed subdivision 1 of Art. 1240, supra. See 1972 Op.Atty.Gen., No. M–1150. Compare *Lane v. State*, 165 Tex.Cr.R. 222, 305 S.W.2d 595 (1957).

**4.** On the surface this may appear to be like a comparison between apples and oranges, since the instant case involves a conviction for aggravated assault. Our concern, however, is with the allegations supporting the varying definitions of negligence, insofar as negligence is an element common to both offenses.

**5.** See note 4, supra.

what proof he will have to meet upon trial. *Nichols v. State*, supra. Clearly, the information in this case properly alleged that the negligent acts were "such as would give justification for civil action for damages," since this was a necessary element of the State's case.

Our Code of Criminal Procedure provides that the State must prove the accused's guilt beyond a reasonable doubt to the jury, which sits as the exclusive judge of the facts proved and the weight to be given to the testimony. Arts. 38.03, 38.04, Vernon's Ann.C.C.P. See *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Accordingly, this Court has held that it is fundamentally erroneous for the trial court to instruct the jury to find an accused guilty when he has pleaded not guilty. *Castoria v. State*, 119 Tex.Cr.R. 193, 47 S.W.2d 325 (1932); *Manning v. State*, 66 Tex.Cr.R. 180, 145 S.W. 938 (1912).

More recently, in *Mullaney v. Wilbur*, —— U.S. ——, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the Supreme Court held unconstitutional Maine's requirement that a defendant charged with murder go forward and "establish by a preponderance of the evidence that he acted in the heat of passion on sudden provocation in order to reduce murder to manslaughter." —— U.S., at ——, 95 S.Ct., at 1892. Relying heavily on *In re Winship*, supra, the Court held:

"[T]he Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case." —— U.S., at——, 95 S.Ct., at 1892.

The holding in *Mullaney v. Wilbur*, like that in *In re Winship*, supra, stands for the same proposition as do Articles 38.03 and 38.04 of our Code of Criminal Procedure: The State must be required to prove *every*

*element* of its case beyond a reasonable doubt or stand in violation of the Due Process Clause. Yet under the court's charge in this case, the State was not required to prove to the jury the necessary justification for a civil action. What this means is that the appellant was required to go forward on this basic element of the State's case and show, by some unstated standard of proof, that the facts did *not* in fact give justification for a civil action. *Mulaney v. Wilbur*, supra, is clear authority to the contrary.

Our own case law anticipated the holding in *Mullaney*. In *Moore v. State*, 140 Tex. Cr.R. 482, 145 S.W.2d 887 (1940), this Court held that the court's charge in a criminal case may not place a greater burden upon the defendant than do the pleadings. Cf. *Turner v. State*, 462 S.W.2d 9, 22 (Tex.Cr. App.1970), dissenting opinion by Judge Onion.

In *Moore*, the appellant was charged with failing to stop and render aid. Specifically, the indictment alleged that the appellant did not render:

"all necessary assistance to the said Polly in this, to-wit: that the said Andrew Moore did then and there fail to stop and to carry the said Orvelle Polly to a physician and surgeon for medical and surgical treatment required by the said Orvelle Polly by reason of the said injury received as aforesaid . . . "

However, the charge only required that the jury find that the appellant "did then and there unlawfully fail and refuse to stop and render all necessary assistance to the said Orvelle Polly." None of the specific descriptive averments were included in the charge. This Court reversed, holding that the charge enlarged upon the indictment.[6]

Similarly, under the charge in this case[7] the jurors were permitted to find appellant

---

**6.** In *Moore*, as in the instant case, a proper objection to the charge was made in the trial court. Cf. *May v. State*, 146 Tex.Cr.R. 115, 171 S.W.2d 488 (1943).

**7.** The pertinent portions of the charge are as follows:

"II.

"In this case the information alleges that the Defendant was negligent (a) in making a turn on Highway 16 in Bandera County, Texas, when it was unsafe to do so and (b) in driving his motor vehicle upon said High-

guilty whether they found evidence of "lawful" negligence, as defined in Art. 1231, supra, or "unlawful" negligence, as charged in the information and defined in Art. 1240, supra, since no distinction was made in the charge between the two types of negligence. This was a clear enlargement upon the language of the information.

We conclude that the error was prejudicial and deprived the appellant of a fair and impartial trial. This conclusion is given further support by a record which reveals that after the verdict was announced in open court counsel for appellant examined several of the jurors, at least one of whom stated that she did not find that civil liability had been proved. Clearly, harm was shown.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

Appellant requested a charge and the court gave it as requested. There was no objection to the court's attaching the requested instruction to the rest of the charge. Absent an objection this should not be reviewed.

Article 36.14, V.A.C.C.P., provides, in part, as follows:

" . . . Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. . . "

Appellant did not comply with the statute. He was apparently satisfied with the way the charge was submitted. Rulings of the trial judge should be passed upon when the case is on appeal. The Court should not hunt for, and reverse upon, harmless unobjected to errors.

The judgment should be affirmed.

MORRISON, Judge (dissenting).

I join in my brother DOUGLAS' dissent.

There is no fundamental error in the charge and no objection to the charge as given. No reversal should follow.

I further disassociate myself from my brother Roberts' reasoning that the court's charge enlarged upon the averments in the indictment. As I see it, the requested charge of the appellant complied with all averments contained in the indictment.

I respectfully dissent.

way without exercising proper care and caution in guiding said motor vehicle. Making a turn on said Highway when it was unsafe to do so or failure to exercise proper care and caution in driving said motor vehicle on said Highway is negligence. By the terms 'proper care and caution', as used herein, is meant the failure to exercise that degree of care and caution which a man of ordinary prudence would use under like circumstances.

"III.

"By the term 'negligence', as used herein, is meant the failure to exercise that degree of care and caution which a man of ordinary prudence would use under like circumstances.

"IV.

"Now if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of January, 1973, in the County of Bandera, State of Texas, the Defendant, Wilfred Donovan Perkins, did operate a motor vehicle upon a public road, and did then and there, with negligence, that is, by making a turn in said road when it was unsafe to do so or by driving his said automobile on said road without exercising proper care and caution in guiding said motor vehicle, collide with and cause injury less than death to Cynthia Redman, as alleged in the information, then you will find the Defendant guilty and assess his punishment at a fine of not less than twenty-five dollars nor more than one thousand dollars, or by imprisonment in jail for not less than one month nor more than two years, or by both such fine and imprisonment.

"Unless you find the foregoing facts beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant."